## ADAMISIAK v KRUPSKI

Ohio Appeals, 9th Dist, Lorain Co

No 780.   Decided May 19, 1936

Adams & Adams, Lorain, for appellee.
R. H. Rice, Elyria, for appellant.

## OPINION

By STEVENS, J.

This cause is before this court upon appeal to questions of law.

On February 4, 1934, Charles Krupski, Stella Adamisiak, Rose Piskur. and a sister of Charles Krupski, went to a dance at the Moose Colliseum in Lorain, Ohio, all riding in one seat of a Dodge coupe operated by the appellant.

Upon the night in question, the streets of Lorain were covered with ice, and upon Broadway Street there were ridges of ice approximately 6 inches in height where the rails of the street car tracks were located,

and also in the vehicle tracks adjacent to said car tracks.

While at said dance, Rose Piskur made arrangements to be escorted to her home after the dance by one Bob Krolicki, to the apparent disgruntlement of Charles Krupski.

About 12:30 A. M. on the morning of February 5, 1935, said Rose Piskur left said dance in the company of Bob Krolicki, and started to her home in his automobile, driven by Krolicki.

Very shortly thereafter, Krupski, his sister and Stella Adamisiak, left said dance in Krupski's automobile, following the same route taken by the Krolicki car.

After both cars had passed the loop in Lorain, and while both were proceeding in a southerly direction upon Broadway Street, and while a light snow was falling upon the icy, ridged street, Krupski saw ahead of him the car in which Rose Piskur was riding, and, at a point on Broadway Street between 6th and 7th Streets, attempted to pass said car, while traveling at a rate of speed variously estimated according to the several witnesses at from 35 to 50 miles an hour. In turning to the right to get into the right-hand traffic lane, after having passed said Krolicki car, the car of Krupski skidded and violently struck the curb, then hit a fire plug and careened into a building, throwing all of the occupants out of the car before it struck the building, and injuring appellee quite severely.

It is conceded that no business relationship existed between Stella Adamisiak and Krupski, and that Adamisiak, being a guest, had no right to recover against Krupski unless she pleaded and proved a case of wanton or wilful misconduct on the part of Krupski, which misconduct proximately caused her said injuries.

Under the rule announced in **Vecchio v Vecchio, 131 Oh St 59,** as follows—

"2. In an action for damages for personal injury instituted by a guest against the operator of a motor vehicle, under favor of §6308-6, GC, such guest must plead facts that reveal on their face the element of wilfulness or wantonness, else such pleading is demurrable. * * *"

it is necessary for this court to examine the petition herein to determine whether or not the petition complied with the requirements in said case specified.

Did appellee plead facts that reveal on their face the element of wilfulness or wantonness?

No demurrer to the petition was filed, and no general objection to the introduction of any evidence under the petition was interposed.

The petition alleged "that at all times mentioned herein, said Broadway Street was in an icy, slippery and dangerous condition, as defendant well knew, or in the exercise of ordinary care should have known."

Under this allegation, and from the evidence contained in the record, it is our opinion that the jury may reasonably have inferred that there was great probability of harm to one in appellee's situation at the time, and that appellant knew of that great probability of harm.

It is not our understanding that, in order to properly plead wantonness, the pleader must state legal conclusions setting out in terms the essentials of wantonness enumerated in the case of **Trucking Co. v Fairchild, 128 Oh St 519,** but rather that he must plead operative facts, from which, under proper evidentiary showing, the jury may infer the existence of the essentials of wantonness.

It is further alleged in said petition "that at this point said defendant did cause said automobile to swerve violently to the right, thereby causing said automobile to come into violent contact with the curb."

That allegation, in our opinion, states facts from which the jury might reasonably infer, under the evidence adduced herein, that appellee had failed to exercise any care, and had exhibited a reckless disregard of consequences.

The several specifications of misconduct set out in the petition, aside from those above quoted, while labeled wanton and wilful, in each instance allege but ordinary negligence.

However, the allegations to which we have first made reference, do, in our judgment, sufficiently set out wanton misconduct, to relieve this petition from the claim made at the conclusion of the evidence (some of which was admitted over objections) that it does not state a cause of action.

Having sufficiently, although inartistically, pleaded wanton misconduct, and therefore being entitled to introduce evidence upon that subject, there appears to us to have been sufficient evidence introduced without objection on the part of appellant, to disenable this court to say that the jury's finding of wantonness was

manifestly against the weight of the evidence.

After the return of the verdict herein, appellant filed a motion for judgment non obstante veredicto, and, in support of his contention that said motion should have been sustained, he urges that the jury's answer to special interrogatory No. 4, wherein was requested an answer as to what appellant's wanton misconduct consisted of, was inconsistent with the general verdict, and also that the petition failed to state a cause of action.

What has been said above, disposes of the claim that the petition did not state a cause of action.

Was the answer to interrogatory No. 4 inconsistent with the general verdict?

The answer to that interrogatory was that appellant was guilty of wanton misconduct in "driving without care on icy street."

"Without" is defined by Webster's New International Dictionary as "3. With the lack or absence of something indicated in the context."

If there was a lack or absence of care, then, of course, there was a failure to exercise any care.

The answer of the jury to said interrogatory, while not specifying all of the essentials of wantonness, nevertheless was not inconsistent with the general verdict, and hence could not furnish a basis for the sustaining of appellant's motion for judgment notwithstanding the verdict. Especially is this true when said answer is considered in the light of the special and general charges upon the subject of wanton misconduct.

We find no prejudicial error in the admission or rejection of evidence.

We do not think that the answers to questions propounded with reference to the essentials of wantonness, trespassed upon the province of the jury, or that the witness answered the questions which the jury was to determine. Rather we believe said answers merely furnished facts from which the jury could infer the existence or nonexistence of the essentials of wantonness.

It is next asserted that the court erred in giving appellee's special request No. 1.

That charge had only the authority of the pronouncement of the Supreme Court of this state underlying it, for it was verbatim the third syllabus of the case of **Higbee Co. v Jackson, 101 Oh St 75**, which syllabus had not at the time of the trial below been modified by the pronouncement of that court in **U. C. Pipe Co. v Bassett, 130 Oh St 567.** Considered in connection with the general charge, and also with the other special charges which were given by the court, we find no prejudicial error in the giving of said charge.

It is next claimed that the trial court erred in refusing to charge upon the speed statute.

Resort to the general charge of the court shows that but two issues were presented to the jury for its consideration: namely, the issue of wilful or wanton misconduct, and the issue of proximate cause. True it is that the question of speed may have been an element to be taken into consideration by the jury in determining whether or not appellant was guilty of wanton misconduct, but it was not a controlling issue in the case, and the court's refusal to charge thereon did not constitute prejudicial error.

The claim is next made that the court erred in overruling plaintiff's motion to direct a verdict, made at the close of plaintiff's case in chief and renewed at the conclusion of all of the evidence.

As above indicated, we think that plaintiff sufficiently pleaded wanton misconduct, and the evidence adduced was of such character that we cannot say that reasonable minds could reach but one conclusion, and that adverse to the plaintiff. Accordingly, we conclude that the trial court did not err in overruling appellant's motions to direct. The cases cited in this connection by appellant in his brief are not, in the opinion of this court, decisive of the question under consideration.

We find no error in the alleged misconduct of counsel for appellee in commenting upon interrogatories thereafter propounded to the jury, because the record reveals no such occurrence, except by affidavit filed after the return of the verdict. No objection was made by counsel for appellant to the argument of the appellee, nor was exception saved, and accordingly the error, if there was any, was waived.

Further claimed error has to do with "errors and irregularities as to court rules and jurors, preventing a fair trial."

Sufficient answer to this claim is that the error claimed is not shown by the record except by affidavits filed and evidence taken in the hearing on the motion for a new trial, and the finding of the trial court with reference thereto is not against the weight of the evidence.

We find no error in connection with the

claim that the verdict was excessive and rendered under the influence of passion or prejudice; and likewise we conclude that error did not intervene in the general charge of the court. The charge as a whole, considering the special as well as the general charges, was, in our opinion, free from prejudicial error.

The judgment of the trial court will therefore be affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.