By the Court.
 

 The granting of a motion for new trial for failure hy prospective jurors to make disclosures upon facts such as heretofore related may have been erroneous hut it did not amount to an abuse of discretion. The granting of a motion for new trial rests in the sound discretion of the trial court (2 Ohio Jurisprudence, 728, Section 651) and does not constitute a final order unless it clearly appears that the trial court has abused its discretion in granting such motion.
 
 Hoffman
 
 v.
 
 Knollman,
 
 135 Ohio St., 170, 20 N. E. (2d), 221.
 

 No such abuse of discretion appearing in this case, the action of the trial court in granting the motion for new trial did not constitute a final order, and therefore the appeal hy plaintiff to the Court of Appeals should have been dismissed.
 

 The judgment of the Court of Appeals is reversed as to plaintiff’s appeal.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Matthias and Hart, JJ., concur in the judgment of reversal.
 

 As to the appeal of the defendant below, there not being four judges of this court who are of the opinion that the trial court committed error in overruling the motions of the defendant for a directed verdict and for judgment notwithstanding the verdict, the judgment of the Court of Appeals, affirming the judgment of the
 
 *180
 
 Court of Common Pleas in that respect, is therefore affirmed.
 

 Zimmerman and Williams, JJ., concur in the judgment of affirmance.
 

 Weygandt, C. J., Matthias and Hart, JJ., are of opinion that the judgment of the Court of Appeals should be reversed and final judgment entered for defendant below on its motion for a directed verdict and for judgment
 
 non obstante veredicto.
 

 Day, J., is of opinion that the judgment of the Court of Appeals should be reversed and judgment entered on the verdict for the plaintiff below.