MARIETTA, APPELLEE, *v.* NICHOL, APPELLEE; MARIETTA, APPELLANT.

(No. 2825—Decided July 29, 1942.)

*Mr. W. L. Countryman, Mr. A. L. Burgstaller* and *Mr. C. J. Arrow,* for appellee, Bertha Marietta.

*Messrs. Barnum & Reese,* for appellee, Stewart G. Nichol.

*Messrs. Harrington, Huxley & Smith,* for appellant.

NICHOLS, J. On August 19, 1937, Bertha Marietta filed her petition in the Common Pleas Court of Mahoning county against Stewart G. Nichol and Ruben Marietta, praying damages for personal injuries received as the result of a collision between the automobile of Ruben Marietta and the automobile driven by Stewart G. Nichol.

In her petition, plaintiff alleged, without designating them as wilful or wanton misconduct, certain operative facts against Ruben Marietta in the following language:

"Plaintiff further says that the defendant, Ruben Marietta, operating his car as aforesaid at the time and place herein mentioned was traveling in a westerly direction on Ravenwood avenue at a high and dangerous rate of speed, to wit: 40 miles per hour; and that said defendant, without stopping as required by law or slowing down his car, proceeded to cross Southern Blvd., a main thoroughfare, when he saw the defendant, Stewart Nichol, operating his car in a southerly direction on Southern Blvd. at a high and dangerous and unlawful rate of speed, to wit: 50 miles per hour; that said Ruben Marietta drove his car into the line of travel of the defendant, Stewart Nichol, when he knew an accident was inevitable."

Certain other acts were designated as "careless and negligent" on the part of Ruben Marietta.

On December 24, 1937, Ruben Marietta filed his answer to plaintiff's petition.

On October 27, 1939, an amended petition was filed by plaintiff wherein the operative facts upon which plaintiff based liability against each defendant were set forth in a single cause of action by designating the acts with which Ruben Marietta was charged as constituting wanton misconduct and the acts with which Stewart G. Nichol was charged as being negligence.

On December 22, 1939, Ruben Marietta filed a motion, directed to the amended petition of plaintiff, asking the court for "an order requiring plaintiff to separately state and number her causes of action against this defendant." This motion having been sustained, plaintiff filed her second amended petition on June 5, 1940, wherein she set up two causes of action, the first being against Ruben Marietta and predicated upon acts which she denominated as wanton misconduct. The second cause of action was against Stewart G. Nichol and was predicated solely upon negligence.

On July 1, 1940, a demurrer was filed by defendant Ruben Marietta, to the second amended petition, upon three grounds as follows:

(1) · There is a misjoinder of parties defendant;

(2) There is a misjoinder of causes of action; and

(3) Separate causes of action against two defendants are improperly joined.

On March 3, 1941, the Common Pleas Court overruled the demurrer of the defendant Ruben Marietta and, on April 4, 1941, such defendant filed an answer to plaintiff's second amended petition, which answer contained the following:

"Further answering, this defendant says that the accident complained of in plaintiff's second amended petition occurred on July 17, 1937; that on October 27, 1939, plaintiff filed an amended petition in this action wherein, for the first time, she charged this defendant with wanton misconduct in which amended petition the defendant, Stewart G. Nichol, was charged with negligence in the same cause of action; that on June 5, 1940, plaintiff filed a second amended petition separately stating and numbering her two causes of action wherein this defendant was charged with wanton and wilful misconduct in the first cause of action, and defendant, Stewart G. Nichol, with negligence in the second cause of action; and this defendant avers that by reason of plaintiff's failure to file suit against this defendant on her alleged cause of action for wanton misconduct until October 27, 1939, more than two years after the cause of action arose, and which claim of wanton misconduct is the basis for plaintiff's second amended petition, that plaintiff's cause of action thereon against this answering defendant has been barred by the statute of limitations, known as Ohio General Code Sec. No. 11224-1, under which causes of action for personal injuries shall be barred if not brought within two years after the cause thereof arose."

On September 27, 1941, plaintiff filed a reply to the answer of defendant Ruben Marietta, to the second amended petition, in which reply plaintiff denied that her cause of action against Ruben Marietta was barred by the statute of limitations as set forth in such answer.

On September 29, 1941, the cause was regularly called for trial, at which time the defendant Ruben Marietta moved for judgment in his favor on the pleadings, which motion was sustained by the trial court.

A motion for new trial was duly filed by plaintiff, urging that the trial court erred as a matter of law in rendering judgment on the pleadings in favor of the defendant Ruben Marietta and, on January 8, 1942, the trial court made an entry setting aside the judgment in favor of such defendant, granting a new trial to plaintiff and overruling the motion of defendant Ruben Marietta for judgment on the pleadings.

The cause is now in this court upon appeal on questions of law by Ruben Marietta from "the final order, judgment and decree entered by the Common Pleas Court on January 8, 1942," the following errors being assigned:

"(1) The Common Pleas Court erred in setting aside the final judgment entered in favor of Ruben Marietta on September 29, 1941;

"(2) The Common Pleas Court erred in overruling the motion of Ruben Marietta for judgment on the pleadings."

Defendant Ruben Marietta seeks reversal of the judgment of the Common Pleas Court and prays that final judgment be entered in his behalf.

Upon the original hearing in this court, a motion was made by plaintiff to dismiss the appeal on the ground that the order, judgment and decree appealed from is not a final order. This court tentatively sustained the

motion to dismiss the appeal upon the authority of *First National Bank of Dunkirk* v. *Smith,* 102 Ohio St., 120, 130 N. E., 502, and *Chandler & Taylor Co.* v. *Southern Pacific Co.,* 104 Ohio St., 188, 135 N. E., 620.

However, we have since given consideration to certain other decisions of the Supreme Court to which our attention was not directed by counsel on original hearing. Among these is the case of *Durbin* v. *Humphrey Co.,* 133 Ohio St., 367, 14 N. E. (2d), 5, where it is stated in the opinion:

"The sustaining of appellee's motion for a new trial, after setting aside a judgment rendered in favor of appellant upon its motion for a directed verdict, took away appellant's right to have final judgment entered in its favor, *and is a final order from which appeal may be prosecuted.*" (Italics ours.)

As authority for the statement, there are cited: *Jacob Laub Baking Co.* v. *Middleton,* 118 Ohio St., 106, 160 N. E., 629; *Hocking Valley Mining Co.* v. *Hunter,* 130 Ohio St., 333, 199 N. E., 184; *Michigan-Ohio-Indiana Coal Assn.* v. *Nigh,* 131 Ohio St., 405, 3 N. E. (2d), 355; and *Murphy* v. *Pittsburg Plate Glass Co.,* 132 Ohio St., 68, 4 N. E. (2d), 983.

In *Durbin* v. *Humphrey Co., supra,* an almost identical situation was presented as that in the instant case. The trial court had sustained defendant's motion for directed verdict, made at the close of plaintiff's case, arrested the evidence from the jury and entered judgment for the defendant, but subsequently granted plaintiff's motion for a new trial. In the Court of Appeals, motion was made to dismiss defendant's appeal on the ground that the order granting the new trial was not a final order. This motion was overruled and the judgment of the trial court granting a new trial was affirmed. The Supreme Court affirmed the judgment of the Court of Appeals. In that case there was

no claim of abuse of discretion by the trial court in granting the motion for new trial; nor is any such claim made in the instant case.

In *Durbin* v. *Humphrey Co.*, 137 Ohio St., 177, 28 N. E. (2d), 563, the verdict of the jury was for the plaintiff and defendant moved for a new trial and also for judgment notwithstanding the verdict, having also moved for a directed verdict at the conclusion of the evidence, the latter two motions for judgment being overruled by the trial court. That court, however, granted the motion of defendant for a new trial on the sole ground that three jurors upon *voir dire* examination failed to disclose prior accidents and claims. Plaintiff appealed from the order granting a new trial, alleging abuse of discretion. Defendant also appealed on three grounds: first, for error in overruling motion for a directed verdict at the conclusion of the evidence; second, for error in overruling motion for judgment notwithstanding the verdict; and third, because the trial court did not grant the new trial on additional grounds urged. The Court of Appeals held there was no abuse of discretion in granting a new trial, and further held there was no error of the trial court in overruling the motion of defendant for directed verdict or for judgment *non obstante veredicto*.

The Supreme Court held that the order of the trial court granting a new trial was not a final order since no abuse of discretion was shown, citing *Hoffman* v. *Knollman*, 135 Ohio St., 170, 20 N. E. (2d), 221. The Supreme Court affirmed the judgment of the Court of Appeals in the matter of the overruling of defendant's motions for a directed verdict and for judgment notwithstanding the verdict. Three of the present judges of the Supreme Court were of opinion that the judgment of the Court of Appeals should be reversed and final judgment entered for defendant below on its mo-

tion for a directed verdict and for judgment *non obstante veredicto*. One other of the judges was of opinion that the judgment of the Court of Appeals should be reversed and judgment entered on the verdict for plaintiff.

Other cases considered by this court are: *Cincinnati Goodwill Industries* v. *Neuerman*, 130 Ohio St., 334, 199 N. E., 178; *Hubbuch* v. *City of Springfield*, 131 Ohio St., 413, 3 N. E. (2d), 359.

In the first of these cited cases, the Supreme Court states in its opinion: "the action of the trial court in overruling the motions of defendant for a directed verdict and for judgment *contra* verdict and granting the motion for a new trial constituted a final order from which error may be prosecuted."

All of which seems to indicate that although a new trial had been granted by the trial courts in the later cases reviewed by the Supreme Court, the appeals in the respective cases were not dismissed but were considered by the reviewing courts on the merits of the claims made with reference to the motions for directed verdict or for judgment *non obstante veredicto*.

We conclude that this court should do likewise in the instant case, for it would seem clear from the authorities cited that if the defendant Ruben Marietta was entitled to final judgment in his favor upon the pleadings, he has, by the entry setting aside the judgment in his favor, been deprived of a substantial right which could not properly be taken away from him by the order of the trial court sustaining plaintiff's motion for a new trial.

Our first concern, therefore, is to determine whether defendant Ruben Marietta was entitled to judgment upon the pleadings. His claim in this respect is founded upon the contention that the original petition filed by plaintiff based her right of action against him upon

allegations insufficient to charge him with wilful or wanton misconduct under the Ohio Guest Statute, Section 6308-6, General Code; that the amended petition filed more than two years later, in which wanton misconduct was charged as the basis of liability against him, stated a new and distinct cause of action which was barred by the two-year statute of limitations at the time such amended petition was filed.

The demurrer of defendant Ruben Marietta to the second amended petition, not being on the ground that such amended petition failed to state a cause of action, the matter of the statute of limitations was not raised thereby, but the defense of the statute of limitations was raised by answer.

The reply denied that the cause of action stated in the second amended petition was barred by the statute.

In determining whether plaintiff's second amended petition stated a new and different cause of action from that set forth in the original petition it was, of course, necessary for the trial court to look to the allegations of the original petition and consider the same in connection with the allegations of all other pleadings in the case.

We agree with counsel for defendant Ruben Marietta that if the allegations of the original petition of plaintiff were insufficient to raise the issue of wanton misconduct upon the part of such defendant, that being necessary to establish liability under the guest statute, then there was a departure in both the first and second amended petitions from the cause of action set forth in the original petition of plaintiff.

To determine this question, we have looked to the allegations of the petition and particularly to that portion thereof first hereinabove quoted, and conclude therefrom that the original petition did allege opera-

tive facts sufficient, if proven, to create liability of the defendant Ruben Marietta under the guest statute although such operative facts were not therein denominated wanton misconduct. We hold that the facts speak for themselves and unless they constitute an allegation amounting to wanton misconduct the denomination of them as such would add nothing to the petition, and we are of opinion that the reverse of this proposition is likewise true that if the operative facts alleged in the petition, in fact, are the equivalent of allegations of wanton misconduct, they need not be so designated by the pleader.

The petition having alleged that defendant Ruben Marietta was operating his car at the time on Ravenwood avenue at a high and dangerous rate of speed, to wit, 40 miles per hour, and without stopping or slowing down his car, proceeded to cross Southern Blvd., a main thoroughfare, when he saw the defendant Nichol operating his car on Southern Blvd. at a high and dangerous and unlawful rate of speed, to wit, 50 miles per hour, and that Ruben Marietta drove his car into the line of travel of the defendant Nichol when he knew an accident was inevitable, such allegations with sufficient definiteness charged wanton misconduct upon the part of the defendant Ruben Marietta.

Thus we find that there is no departure in either the amended petition or second amended petition from the cause of action stated against Ruben Marietta in the original petition. It necessarily follows that plaintiff's cause of action under the guest statute against Ruben Marietta was commenced within the statutory period and his claim that such cause of action was barred by the statute of limitations is unfounded. It, therefore, clearly appears that he was not entitled to judgment upon the pleadings as originally found by the trial court and the motion for a new

'trial, being duly filed, required the trial court to consider the facts alleged in these various petitions of plaintiff for the purpose of determining whether the action was barred by the statute of limitations and whether the operative facts pleaded were sufficient to constitute a good cause of action against defendant Ruben Marietta under the guest statute.

We, therefore, find that the trial court did not err in refusing judgment to such defendant upon the pleadings, and did not err in granting plaintiff's motion for a new trial. These being the only errors assigned, and it appearing that no error prejudicial to the rights of such defendant has intervened in the trial court, the judgment of that court is affirmed and the cause remanded for further proceedings according to law.

*Judgment affirmed.*

CARTER, P. J., and PHILLIPS, J., concur.