BOLSER, APPELLANT, *v.* ARNOLD, APPELLEE.

(No. 864—Decided November 1, 1943.)

*Mr. Edw. Everett Rice,* for appellant.
*Mr. E. J. Kautz,* for appellee.

Matthews, J.   The Common Pleas Court sustained in part the defendant's motion to strike from the second amended petition and the plaintiff not desiring to plead further, the court made an order dismissing the action "with prejudice to any future action at the costs of the plaintiff."

This appeal therefore presents two questions:

(1)   Did the court err in making the order to strike? and,

(2)   Was the form of the judgment in compliance with law?

Error in the first respect would require a reversal of the judgment.   Error in the second respect would require a modification and an affirmance as modified.

Error in both respects would also require a reversal.

The pleadings in this case were intended by the plaintiff to state a cause of action in her favor on account of personal injuries received by her while she was riding in an automobile as a guest of the defendant on a journey from Hamilton, Ohio, to Richmond, Indiana.   After they had traveled about fifty minutes and had reached a point in Indiana on the public highway a short distance east of Boston, defendant lost control of the automobile which skidded and struck a concrete pole causing plaintiff's injuries. The theory of the plaintiff was that the defendant had lost control because of his wanton and wilful misconduct.   No reference to the law of Indiana on the subject was made in the pleadings.

There are eight distinct items in the defendant's motion to strike.   In passing on these separate items, we apply the rule that if any part of the item is well pleaded the motion to strike the allegations embraced

in that item should be overruled. In other words, if the motion is too broad the defect is fatal. 31 Ohio Jurisprudence, 899.

The first item covers the following allegations:

"And that on or about February 11, 1940, the plaintiff and her husband, Earl Bolser, and her minor child, Nancy L. Bolser, then five years of age, were invited by the defendant, to accompany him and his wife, Marie Arnold in the defendant's new Oldsmobile sedan automobile on a trip from Hamilton, Ohio, to Richmond, Indiana; that the plaintiff and her husband and child did accompany them on said auto trip; that plaintiff's husband rode in the car to the right of the driver, that the child rode immediately behind the driver, that plaintiff sat next to the child, and Mrs. Arnold to her right on the rear seat. The plaintiff says that the weather was very inclement, that the roadway was wet, slippery and icy, and the branches of the trees were heavily bent down with sleet and ice; that this condition was general between Hamilton, Ohio, and Richmond, Indiana. Plaintiff says they started from Hamilton about 10:45 a. m., e. s. t."

Now, it is no doubt true that the plaintiff could have omitted some of the details without sacrificing anything of substance, but can anyone doubt that it was material to plaintiff's cause that she had been invited by the defendant to ride in the automobile from Hamilton to Richmond, that she accepted the invitation, that they started on the journey and that at the time the roadway was wet, slippery and icy? Those allegations were necessary to show the relation of the parties and the duty of the defendant toward the plaintiff in the operation of the automobile. We are of the opinion that the court erred in ordering these allegations stricken.

The second item covers the following allegations:

"The plaintiff further says that on said date, between 10:45, a. m. and 11:35, a. m., the said defendant drove and operated his automobile with wanton and wilful misconduct and recklessness at a high, dangerous and unlawful rate of speed of at least seventy (70) miles per hour, and at a rate of speed greater than was reasonable or proper having due regard to the traffic, the surface and icy condition of said roadway then known to him to be dangerous. The plaintiff says that the defendant's wife and she, the plaintiff, cautioned the defendant at different times, not to drive so fast and to be careful; that the car skidded a number of times on the road. She says that he disregarded these requests and continued to operate said car in the same wanton, reckless and wilful manner."

These allegations are part of a lengthy paragraph that described the conduct of the defendant on the journey to the point of the accident. If true, his misconduct was wilful and wanton in the extreme.

In *Jenkins* v. *Sharp*, 140 Ohio St., 80, 42 N. E. (2d), 755, the court said: "Wantonness is essentially an attitude of mind and imparts to an act of misconduct a tortious character." Certainly, the allegations disclose the defendant's attitude of mind on that journey. We are of the opinion that the court erred in striking these allegations.

The third item asks that the phrase "in disregard of evident danger" be stricken and the court so ordered. The plaintiff had alleged the circumstances of the dangers that were present and we are of the opinion that it was proper pleading for the plaintiff to characterize them as evident danger. We hold that this phrase should not have been stricken.

The next item covers these allegations: "And the defendant kept pressing this other car to permit him to pass, which the other driver declined to do, all of

which increased the danger, but the defendant failed to heed said danger." This allegation referred to an automobile just in front of defendant's automobile.

Bearing in mind that wantonness is an attitude of mind, we fail to find anything objectionable in this allegation.

The motion also attacked other parts of the amended petition. The only criticism that can apply to them is that they are more detailed than is usual in pleading and to a certain extent repetitious. Within legal limits the style of a pleading rests in the art of the pleader and the fact that an unusual style is used does not invalidate the pleading.

It is urged that the plaintiff is prevented from complaining of the striking from the amended petition, because the court had previously stricken the same allegations from the prior pleading. But the court did not strike the amended petition from the files, because it had been filed in violation of a prior order, and the usual rule is that an amended pleading supersedes the prior pleading, so that any ruling that may have been made as to it becomes immaterial. Had the amended petition been stricken from the files the ruling on the prior pleading would have continued to be material as it would have related to the only operative pleading and the validity of the ruling as to it could have been brought under review by an appeal from the judgment of dismissal on refusal to plead further. As the court did not strike the amended petition from the files it continued to be the operative pleading of the plaintiff and the ruling on the motion to strike from it is brought under review by this appeal and the court holds that it was error to sustain it.

The judgment under review is for costs on failure of the plaintiff to amend further, resulting in the involuntary dismissal of the action. It was not a dispo-

sition of the case upon the merits and, therefore, could not be the basis of a plea of *res judicata* to a subsequent action on the same cause. 14 Ohio Jurisprudence, 340 *et seq.*; 17 American Jurisprudence, 95. The inclusion of the words "with prejudice" could not make that a judgment on the merits which was not such in law and fact, when directly attacked. By Section 11586. General Code, a dismissal by the court for disobedience of an order concerning the proceedings in the action must be without prejudice. The words "with prejudice" should not have been included in the dismissal of this action.

The judgment is reversed and the cause remanded with instructions to overrule the motion to strike and for further proceedings according to law.

*Judgment reversed and cause remanded.*

Ross, P. J., and HILDEBRANT, J., concur.