Weygandt, C. J.
 

 The Court of Appeals held that the trial court was in error in submitting to the jury the question of wilful or wanton misconduct on the part of the defendant, inasmuch as there was no evidence on which to base such a finding. The plaintiff has perfected no appeal from this holding.
 

 The decisive question now before this court for consideration is whether the trial court was correct in submitting to the jury the question whether the plaintiff was a statutory “guest” or a “passenger” in the defendant’s car. The Court of Appeals approved this action by the trial court.
 

 Section 6308-6, General Code, reads as follows:
 

 “The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest
 
 *377
 
 while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.”
 

 In the third paragraph of the syllabus in the recent, unanimous decision of this court in the ease of
 
 Hasbrook
 
 v.
 
 Wingate,
 
 152 Ohio St., 50, 87 N. E. (2d), 87, this court held:
 

 “3. Where, in the carrying of a rider, a motor vehicle’s direct operation tends to promote the mutual interests of both the rider and driver, thus creating a joint business relationship between them, or where the rider accompanies the driver at the instance of the latter for the purpose of having the rider render a benefit or service to the driver on a trip which is primarily for the attainment of some objective of the driver, the rider is a ‘passenger’ and not a ‘guest’; but if the carriage confers a benefit only on the rider and no benefit other than such as is incidental to hospitality, good will or the like is conferred on the driver, the rider is a ‘guest.’ ”
 

 In her petition the plaintiff alleges that the defendant requested the decedent to accompany the defendant to the latter’s home near Brookfield, Ohio, for the purpose of doing certain electrical wiring for the defendant.
 

 Is there evidence from which reasonable minds may draw different conclusions as to this issue!
 

 At that time the defendant was employed by a manufacturing concern in the daytime, and at night he served as a bartender at a saloon or tavern four or five doors from his home. On the day the decedent was killed, he met the defendant at the tavern, and they left there at approximately 2:00 a. m. Prom ihere they walked to the defendant’s home and ob
 
 *378
 
 tained the automobile which • belonged to his wife. Then they spent the entire day driving from one tavern or restaurant to another in the neighboring towns of Masury, Sharon, Vienna, Warren, Youngstown and Brookfield. The collision occurred shortly after eight o’clock that evening. During the intervening eighteen hours they indulged in numerous drinks of various intoxicants at each stop. After they became intoxicated the defendant wanted
 
 to leave the
 
 decedent in Youngstown so that he (the defendant) could return home and obtain some much-needed sleep. However, the decedent insisted on remaining with the defendant. At one tavern a bartender, observing the condition of the two men, offered to have someone drive the car to the defendant’s home. However, the defendant insisted that he was able to drive. He attempted to do so, but while
 
 on
 
 state route number 82 he lost control of the car. It veered off the pavement to the right and then back to the left and over to the wrong side of the highway into the path of a car traveling in the opposite direction. The decedent’s death occurred shortly after the collision.
 

 Of course none of this evidence indicates that the decedent was other than a guest of the defendant. But the plaintiff testified that during that evening she talked by telephone to both the decedent and the defendant, and that the latter said he intended to take the decedent to his (defendant’s) home (four or five doors from the place where they started their drinking) to do some electrical work for him. However, there is no evidence whatsoever that this was the plan of the two men when they thereafter continued their trip. They were intoxicated and obviously in no condition to do any work. The defendant testified that, no such telephone conversation occurred, that he made no such request, that he had
 
 no electrical
 
 
 *379
 

 work to be
 
 done, and that he did not then know that the decedent was employed as an electrical
 
 welder.
 

 Under these circumstances there is no basis on which reasonable minds could conclude that the decedent was other than a guest within the meaning of the statute; and since the Court of Appeals held that there is a lack of evidence to show wilful or wanton misconduct, the plaintiff can not recover.
 

 The judgment below must be reversed and final judgment entered for the defendant.
 

 Judgment reversed and final judgment for defendant.
 

 Matthias, Hart, Zimmerman, Stewart, Taft and Faitght, JJ., concur.