Hart, J.
This appeal is necessarily limited to the consideration of questions of law raised by the overruling of defendant’s motions for directed verdict and judgment notwithstanding the verdict.
It is conceded that liability in this case is governed by the Ohio guest statute, Section 6308-6, General Code, which is as follows:
“The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.”
There is no claim upon the part of the plaintiff that Seibert was guilty of wilful or wanton misconduct in the operation of his car at the time of the accident. Consequently, it was incumbent upon the plaintiff to show by a preponderance of the evidence that he had paid or furnished to Seibert some pecuniary consideration for his transportation, as such. It was insufficient to show that he was being transported as a guest without payment therefor. O’Rourke, Admx., v. Gunsley, 154 Ohio St., 375, 96 N. E. (2d), 1; Hasbrook v. Wingate, 152 Ohio St., 50, 87 N. E. (2d), 87, 10 A. L. R. (2d), 1342. See Duncan v. Hutchinson, 139 Ohio St., 185, 39 N. E. (2d), 140; and Miller v. Fairley, 141 Ohio St., 327, 48 N. E. (2d), 217.
The facts upon which plaintiff relies to establish a contract supported by consideration between him and Seibert for the transportation of the former from Wilmot to Beach City were substantially as herein-before stated.
*49 The claim of counsel for plaintiff as to the basis of defendant’s liability is stated in his brief as follows:
“Clearly the aid and assistance of the plaintiff in working on his own car to help the decedent, was entirely and clearly for the decedent’s own benefit, as it shortened the amount of time that he would be required to spend in doing the work required, and there is nothing in the record to indicate that there was to be any reduction in the price of the work by reason of this assistance or aid from the owner of the ear. Therefore, the decedent received something of value, to wit: aid in doing his, the decedent’s work from the plaintiff, who was not obligated in any way to help or assist the decedent except in return for the promise of the decedent to drive the plaintiff home after that work or aid had been given to the decedent. It therefore follows that the transportation of the plaintiff from Wilmot, Ohio, back to Beach City, Ohio, was paid for by his rendering service to the decedent in the prosecution and furtherment of the decedent’s business of operating a repair garage.”
Did this arrangement create a contract for transportation with payment therefor? In the opinion of this court it did not. If Seibert had requested Ames to help him tear down the car of a third person for which Seibert was to receive the entire payment for repairs, a different question would be presented. Here, there was no evidence that an agreed lump sum payment was to. be made by Ames to Seibert for the repair of the car or that Ames was to be repaid a portion of- such contract price for his assistance. Such evidence was necessary to show that Ames was to be compensated by-Seibert for Ames’ assistance. The evidence does not show the rendering of any service to Seibert by this arrangement. In fact, the arrangement was made so that Ames could have his own car by the next evening, and, his service, if any, was con *50 tributed to the repair of his own car for that purpose. Furthermore, the statement of Seibert to Ames ’ father that he should go home and not wait for Ames, and that he, Seibert, would bring Ames home, raises an inference that Seibert was making the trip to accommodate the father. At any rate there was no evidence or inference of fact to the effect that either Ames or Seibert had formed any intent that Ames was to compensate Seibert for this short ride of three or three and a half miles. The most that can be inferred from the testimony is that Seibert took Ames home as a courtesy between friends. There is no evidence to prove a contract to pay for transportation and the defendant’s motion for a directed verdict should have been sustained. •
The defendant insists also that there was no proof of negligence upon the part of Seibert in operating the car. On the other hand, plaintiff contends, and the majority of the members of the Court of Appeals found, that since the car left the highway for reasons unexplained the doctrine of res ipsa loquitor applies and furnishes sufficient proof of negligence. However, in view of this court’s holding that no contract for transportation has been shown by the evidence, it is unnecessary to discuss or pass upon this issue.
The judgment of the Court of Appeals is reversed and final judgment is awarded to the defendant.

Judgment reversed.

Wbygandt, C. J., Stewart, Middleton, and Matthias, JJ., concur.