Taft, J.,
dissenting. The decisions of this court have heretofore consistently recognized that one riding on a motor vehicle with the permission of the owner or operator of the motor vehicle is a “guest” within the meaning of the guest statute; and that, in order to hold the owner or operator of the motor vehicle liable for mere negligence causing injury to such guest, such guest has the burden of alleging and proving that he was not, as the statute specifies, “being transported without payment therefor.”
Thus, in the most recent decision of this court on the subject (Ames v. Seibert, Admr., 156 Ohio St., 45, 99 N. E. [2d], 905) paragraph one of the syllabus reads:
“A person seeking to recover from another person for injuries suffered because of the latter’s negligent operation of a car in which the person so injured was riding has, under the guest statute, Section 6308-6, General Code, the burden of showing that he paid or *93 expressly or impliedly agreed to pay for his transportation.” (Emphasis added.)
The language of paragraph one of the syllabus in Hasbrook v. Wingate, 152 Ohio St., 50, 87 N. E. (2d), 87, 10 A. L. R. (2d), 1342, is substantially the same.
Although the opinion in Hasbrook v. Wingate, supra, does distinguish between a “guest” and a “passenger,” the significance of that distinction is apparent from the following language of the opinion at page 53:
“In 2 Restatement of Torts 1273, Section 490, the designation of ‘passenger’ as one carried for hire or reward, as distinguished from ‘guest’ as one carried gratuitously, that is, without any financial return except such slight benefit as is customary as part of the ordinary courtesy of the road, has been adopted. For convenience, these terms will be adopted in this opinion to distinguish a person who has paid for his transportation within the meaning of the statute from one who has not made such payment.”
There is absolutely nothing in the' petitions or in the opening statement in the instant cases from which an inference can be drawn that defendant received or expected to receive any benefit from David’s riding on his motor vehicle other than the beneficial feeling which a party might experience by devoting his time and his property to help others such as David and his fellow boy scouts. Such beneficial feeling, to use the words of paragraph three of the syllabus in Hasbrook v. Wingate, supra, is obviously no more “than such as is incidental to hospitality, good will or the like.” See also O’Rourke, Admx., v. Gunsley, 154 Ohio St., 375, 96 N. E. (2d), 1. Even if the carriage of David as a “rider” by defendant did tend “to promote the mutual interests of both” David and defendant in the boy scouts, it did not, to use the further words of that paragraph of the syllabus, create *94 “a joint business relationship between them.” See also Duncan v. Hutchinson, 139 Ohio St., 185, 39 N. E. (2d), 140, where it is stated in the opinion at page 188:
“What is meant by the words of the statute, ‘transported without payment therefor,’ as applied to the facts in this case? Keeping in mind the purpose of the statute, it would seem that any expense money paid by a person for a ride in an automobile which is not substantially commensurate with the cost of such transportation will not take him out of the guest status fixed by the statute, unless payment for transportation as such was actually agreed upon. The justice of this rule is based on the fact that it would be unfair to hold the motorist to liability for injuries to his guest due to the hazards of transportation, unless the motorist is, in turn, compensated for such transportation in a manner substantially commensurate with the cost and the hazards of the undertaking. ’ ’
If the allegations and statements of the petitions and the opening statement were such as to justify an inference that defendant received any pecuniary or other material benefit for furnishing his motor vehicle and services to transport David, there might be some justification for considering whether that transportation was, to use the words of the statute, with “payment therefor.” See Dorn, Admr., v. Village of North Olmsted, 133 Ohio St., 375, 14 N. E. (2d), 11. Thus, it might possibly be arguable that an employee transported in his employer’s motor vehicle is making payment for the transportation because of the services being rendered to the employer. Likewise, it might possibly be arguable that such employee transported in the motor vehicle of another em:ployee of the employer is making such payment indirectly to such other employee by reason of the serv *95 ices he renders for Ms employer and the compensation which such other employee receives from the common employer. However, there were no allegations or statements which might justify an inference that defendant received or expected to receive any pecuniary or material benefit for Ms motor vehicle or for his services in operating it. As the decisions of this court have indicated, the burden of alleging and proving at least the receipt or expectation of receiving such benefit or other payment was on the plaintiffs. See Ames v. Seibert, supra; Hasbrook v. Wingate, supra.
Middleton and Matthias, JJ., concur in the foregoing dissenting opinion.