**STARR, Admrx., Plaintiff-Appellant, v. GEBHART, Admr., Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2261.   Decided November 23, 1953.

McLeran, Kelly & McLeran, Dayton, for plaintiff-appellant.
Curtner, Brenton & O'Hara, Dayton, for defendant-appellee.

## OPINION

By HORNBECK, J.:

This is an appeal from a judgment of the Common Pleas Court dismissing plaintiff's fourth amended petition after sustaining a demurrer thereto, plaintiff electing to plead no further.

Four errors are assigned: (1) In sustaining defendant's motion to

34

strike certain portions of plaintiff's second amended petition; (2) in sustaining in part defendant's motion to strike certain portions of plaintiff's third amended petition; (3) in sustaining defendant's demurrer to plaintiff's fourth amended petition, and (4) for other errors apparent upon the record. The first and second assignments of error may not be considered because plaintiff elected to plead after the action of the court in sustaining motions to the second amended petition, and to the third amended petition. Grimm v. Modest, 135 Oh St 275, 20 N. E. (2d) 527; Bingham v. The Nypano Rd. Co. et., 112 Oh St 115; Sterling v. Hanley Motor Sales, Inc., 87 Oh Ap 362.

We then consider the third and fourth assignments of error, namely, the sustaining of the demurrer to the fourth amended petition. In the fourth amended petition plaintiff sets up four specifications of negligence; (1) the operation of defendant's decedent's automobile on the left hand or his wrong side of the highway; (2) operation of the automobile to the left of the plainly marked yellow line to the east side of the white line in the center of the highway; (3) failure to have and keep the automobile under control at the time and place of the collision and (4) defendant's decedent operated his vehicle at an excessive rate of speed, to-wit, eighty miles per hour.

The sufficiency of this petition as against a general demurrer must be determined in the light of the test whether or not the averments permit the conclusion of wanton and willful misconduct on the part of defendant's decedent. In Vecchio v. Vecchio, 131 Oh St 59, the third syllabus holds that in such action (a guest against the driver of the car in which he was riding) he must plead unequivocally that the operator of the motor vehicle had knowledge of existing conditions, otherwise no liability is fixed. In that case the plaintiff had, in the early part of his petition, charged that the defendant had carelessly and negligently failed to properly and securely close and fasten an automobile door adjacent to the seat where plaintiff was seated, and that the defendant, "well knowing and being in position to know that said door was not closed securely, wantonly put said vehicle in operation and drove it over and upon East Boulevard * * *." Then followed specifications of negligence, the fifth of which was "Defendant was careless and wantonly negligent, when in the exercise of ordinary care, she knew or ought to have known that in making a sudden sharp turn at such a fast and unreasonable rate of speed, would cause plaintiff to be thrown against the said door of said automobile, so as to cause said door to open, and precipitate plaintiff to the ground." The Common Pleas Court sustained a demurrer to this petition and Judge Stephenson said in the opinion, which conclusion is carried into the third syllabus, that the narrative part of the amended petition alleging knowledge on the part of the defendant, was neutralized by the second specification of negligence wherein it was charged that the defendant in the exercise of ordinary care knew or should have known that the door of the automobile was not closed securely.

In the fourth amended petition, which we are testing on this appeal, there is no averment of knowledge, specific or implied, and the

petition does not meet the test set out in the Vecchio case. See, also, Payne, Director General of Railroads,. v. Vance, 103 Oh St 59.

It is true that in the second amended petition the plaintiff charged specific knowledge, charged defendant's decedent with express knowledge of the existence of the hill up which he was traveling, and with knowingly attempting to pass other automobiles and to negotiate said hill at a high rate of speed on the left side of the road, and that such acts were known to him to be highly dangerous to the plaintiff and without regard to her safety. However, the plaintiff did not elect to stand upon this averment and, having pleaded over and failed to make any such averment in the fourth amended petition, may not now avail himself of the former allegation.

The court did not err in sustaining the demurrer to the fourth amended petition. The judgment will be affirmed.

WISEMAN, PJ, MILLER, J, concur.