ROBERTSON, APPELLANT, *v.* HAVENS, SR., ET AL., APPELLEES.

(No. 282—Decided November 4, 1957.)

*Messrs. Thierry & Morton,* for appellant.
*Messrs. True & Meyer,* for appellees.

*Per Curiam.* This is an appeal on questions of law from a judgment dismissing the petition after the sustaining of a demurrer thereto.

The pertinent allegations of the petition are as follows:

"On or about 11 p. m., Dec. 16, 1955, William Robertson, Jr., was a passenger in a 1948 Chevrolet sedan owned, under the exclusive control of, and driven by, said Rose Bell Smith, from Port Clinton to a parking lot adjoining Mill Street and near State Route 19 in the village of Oak Harbor, Ohio. On arriving at said parking lot, but before Rose Bell Smith had turned off the engine of said vehicle, carbon monoxide gas, emitted from a leak in the connection of the exhaust pipe to the manifold because of the absence of a proper gasket, filled said vehicle with poison gas and caused William Robertson, Jr., and Rose Bell Smith to become unconscious. As the direct and proximate result of said poison gas, said William Robertson, Jr., died on or about Dec. 17, 1955.

"Further, plaintiff states that Rose Bell Smith knew of the dangerous condition of said automobile, having been warned that said automobile should not be operated until a gasket had been inserted, and if it were so operated, its occupants were apt to become asphyxiated, and in reckless disregard to the safety of herself and her passenger, Rose Bell Smith, operated said automobile Dec. 16, 1955, thereby causing the death of William Robertson, Jr., as the direct and proximate result of her wilful and wanton misconduct."

Since plaintiff's decedent was a guest in the automobile of defendant's decedent, it is incumbent upon the plaintiff to allege facts supporting the conclusion that defendant's decedent was guilty of wilful or wanton misconduct.

Since in such a case there is a presumption that a decedent exercised due care, there is likewise, as to the defendant's decedent, a presumption of freedom from wilful or wanton misconduct as well as a presumption against suicidal conduct.

Since both the parties in the tragedy are deceased, it is difficult to conceive how the plaintiff can support the allegations of the petition by adequate evidence. But in ruling on a demurrer, a court may not anticipate what may transpire at the trial.

It is elemental that a court must construe a pleading liberally in favor of the pleader, and if a pleading is equally susceptible of different constructions, the one most favorable to the pleader should be adopted. A liberal construction of the allegations of the petition in the instant case leads to the conclusion that the plaintiff has sufficiently pleaded wanton misconduct on the part of defendant's decedent proximately causing the death of plaintiff's decedent. See *Marietta* v. *Nichol,* 72 Ohio App., 387, 52 N. E. (2d), 647; *Bolser* v. *Arnold,* 73 Ohio App., 133, 55 N. E. (2d), 139; *Melville, Gdn.,* v. *Greyhound Corp.,* 94 Ohio App., 258, 115 N. E. (2d), 42; *Adamisiak* v. *Krupski,* 22 Ohio Law Abs., 360; *Connors* v. *Cincinnati St. Ry. Co.,* 27 Ohio Law Abs., 651; *Starr, Admx.,* v. *Gebhart, Admr.,* 71 Ohio Law Abs., 33, 130 N. E. (2d), 358.

The judgment is reversed and the cause remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

DEEDS, P. J., FESS and SMITH, JJ., concur.