Per Curiam.

Driving while intoxicated will not usually be sufficient in itself to justify submission to the jury of the question whether such driving amounted to wanton or willful misconduct. See O'Rourke, Admx., v. Gunsley, 154 Ohio St., 375, 96 N. E. (2d), 1.
However, the petition in the instant case alleges:
(1) That defendant Whitner knew
(a) that vehicles were often parked on the paved portion of the part of the road ahead of him,
(b) that he was so intoxicated that his ability to react to any situation of danger ahead was impaired and he could not maintain a lookout ahead, and
(c) that to drive, without maintaining a lookout ahead and while so intoxicated, would in all probability result in serious injury to the plaintiff;
(2) that, notwithstanding such knowledge, defendant Whitner
(a) drove at 40 miles per hour at night,
(b) did not maintain a lookout ahead, and
(c) collided with a truck parked on the paved portion of the road so as to cause injuries to plaintiff; and
(3) that defendant Whitner was so intoxicated that he was indifferent to the consequences of his acts and ready and willing to take chances even at the risk of danger to himself.
*265 In our opinion, this alleged conduct of defendant Whitner was “such * * * as manifests a disposition to perversity.” Unlike in Helleren, Admx., v. Dixon, 152 Ohio St., 40, 86 N. E. (2d), 777, it is not merely alleged that defendant Whitner took a chance on nothing happening. It is alleged that he knew that vehicles were often parked on the paved portion of the highway ahead of him and yet he drove at a fairly good speed at night although he knew he could not, because of his intoxicated condition, keep any lookout ahead. It is further specifically alleged that he was “indifferent to the consequences of his acts * * * and * * * ready and willing to take chances” even at the risk of danger to himself. Cf. Lombardo v. De Shance, a Minor, 167 Ohio St., 431, 433, note, 149 N. E. (2d), 914. Likewise, the petition specifically alleges that defendant Whitner knew that his conduct would “in all common probability result in injury” to the plaintiff. See Prosser on Torts (2 Ed.), 150. Thus, the petition alleges conduct that is such as to come within the definition of wanton misconduct set forth in Helleren v. Dixon, supra. (152 Ohio St., 40), and Universal Concrete Pipe Co. v. Bassett, 130 Ohio St., 567, 200 N. E., 843, 119 A. L. R., 646.
It may be that plaintiff will be unable to produce evidence that will support a reasonable inference of defendant Whitner’s wanton misconduct, or even that evidence as to the reason for his driving in such condition and at such speed at this time may be such as to prevent such an inference. However, we are confronted with the question whether plaintiff alleges such wanton misconduct in her petition. In deciding that question, the allegations of the petition must be liberally construed in favor of the plaintiff, and the plaintiff must be given the benefit of whatever can, by fair and reasonable intendment, be implied from those allegations. Glass v. McCullough Transfer Co., 159 Ohio St., 505, 112 N. E. (2d), 823.
Hence, the judgment of the Court of Appeals is reversed, and the cause is remanded to the Common Pleas Court for further proceedings.

Judgment reversed.

Zimmerman, Taet, Bell and Peck, JJ., concur.
Weygandt, C. J., Matthias and Herbert, JJ., dissent.