Fout, Admr., Appellant, v. Secrets, Appellee.[*]

(No. 578—Decided December 8, 1960.)

Mr. George B. Raup and Messrs. Cole & Cole, for appellant.
Messrs. Durfey, Martin, Browne & Hull, for appellee.

Crawford, J. Plaintiff, appellant herein, appeals on questions of law from the judgment of the Court of Common Pleas sustaining a demurrer to his amended petition and, upon his declining to plead further, dismissing the action.

Plaintiff alleges the wrongful death of his decedent, Orlyn W. Fout, as a result of injuries received while riding with defendant in the latter's automobile. The essential allegations of the amended petition are more fully set forth below.

The first three assignments of error complain of the rulings of the court sustaining motions to strike certain allegations from the original petition. But having elected to file an amended petition, plaintiff thereby abandoned the previous pleading and waived any right to appeal from such rulings.

---

[*]Motion to certify the record overruled, April 26, 1961.

*Grimm* v. *Modest*, 135 Ohio St., 275; *Starr, Admx.,* v. *Gebhart, Admr.,* 71 Ohio Law Abs., 33; *Reckman* v. *Keiter,* 109 Ohio App., 81.

The original pleading having been abandoned, it is axiomatic that plaintiff cannot, as he now attempts to do, invoke parts thereof to aid the amended pleading as against the demurrer.

The first three assignments of error are not well made.

The fourth assignment of error concerns the sustaining of a general demurrer to the amended petition. The pleading obviously endeavors to set forth a case in which plaintiff's decedent, while riding in defendant's automobile, was not a guest as that term is employed in Section 4515.02, Revised Code, and it alleges negligence of the defendant as the proximate cause of the death. However, the pleader also takes the precaution of endeavoring to allege willful or wanton misconduct, which would be essential to liability in case the evidence should show that his decedent was in fact a guest.

The significant portion of the second amended petition is as follows:

"Orlyn W. Fout and James Robert Secrets, defendant herein, were members of a bowling team which competed with other teams in a bowling league at the Shamrock Bowling Alleys at regular intervals for the purpose of winning team and individual cash prizes.

"During the evening of January 7, 1958, Orlyn W. Fout and defendant, James Robert Secrets, competed as members of their bowling team in a regularly scheduled event in the Shamrock Bowling Alleys, concluding their match shortly after 8:00 p. m. Later during the same evening, Orlyn W. Fout and another member of their bowling team rode with defendant, James Robert Secrets in a 1955 Chevrolet 2-dr. sedan owned and operated by defendant. Among other places, they visited the Old Mill Tavern, which was and is located on the public highway west of the city of Springfield known as Old U. S. Route 40. The purpose of their visit to the Old Mill Tavern was to obtain sponsorship for their team by that tavern in another bowling league which was to be formed.

"During the time the team was bowling, and thereafter, defendant consumed numerous alcoholic drinks.

"The party left the Old Mill Tavern at about 12:30 a. m. on January 8, 1958, the defendant, James Robert Secrets, driving his automobile, Orlyn W. Fout riding in the front seat next to defendant, and the third member of the party riding the rear seat. Shortly after the party left the Old Mill Tavern, the automobile owned and operated by defendant was involved in an accident near the intersection of State Route 70, or West First Street, and Bechtle Avenue, within the corporate limits of the city of Springfield.

"Approaching Bechtle Avenue on State Route 70, or West First Street, from the west, at a point about 500 feet west of Bechtle Avenue, State Route 70, or West First Street, curves gently to the right or south, and at the same place there is a considerable hill or upgrade so that Bechtle Avenue is approximately 10 to 12 feet higher than the point at which U. S. Route 70, or West First Street, begins to curve toward the right. At the top of the hill or upgrade, at a point near the intersection of State Route 70, or West First Street, and Bechtle Avenue, there is a sharp curve to the left, or north. The paved portion of State Route 70, or West First Street, is designed for two lanes of traffic only, and to the south of the paved portion there was a quantity of loose gravel.

"The corporation limits of the city of Springfield are about 400 feet west of Bechtle Avenue.

"Defendant knew of the existence of the hill or upgrade, and of the sharp curve to the left, and that the paved portion of the highway was designed for two lanes of traffic only and that to the south of the paved portion of the highway was a quantity of loose gravel.

"Defendant traveled the curve and hill above mentioned and approached Bechtle Avenue at a rate of speed in excess of 50 miles per hour. As defendant crossed the intersection of Bechtle Avenue at about the point where State Route 70, or West First Street, turns sharply to the left, or north, traveling at the excessive rate of speed above referred to, defendant lost control of his automobile, and failed to make the turn properly, and the automobile traveled off the paved portion of the road and along the berm in a southeasterly direction for approximately 250 feet, where it struck a utility pole and completely demolished it and defendant's automobile.

"As a result of the accident, Orlyn W. Fout was injured to such extent that he was dead on arrival at Mercy Hospital.

"Defendant knew that the speed at which he was driving was greater than reasonable or proper, having knowledge of the condition of the highway and of the existence of the hill and of the curve to the left, and defendant knew that in attempting to turn to the left at the speed at which he was operating his automobile, his actions would result in injury to Orlyn W. Fout."

Defendant's brief emphasizes that the bowling here involved was primarily a recreational and social rather than a business activity, and that the winning of prizes was only remote, uncertain and incidental. And the amended petition gives some hint that perhaps the defendant was supporting rather than soliciting the taverns visited.

Whatever the evidence in a trial might disclose, upon demurrer we are confronted with certain positive allegations which may constitute a cause of action even if they do not comport with usual bowling league practices as they are generally understood. It is alleged that the bowling team here involved competed with other teams "for the purpose of winning team and individual cash prizes," and that "the purpose of the visit to the Old Mill Tavern was to obtain sponsorship for the team by that tavern in another bowling league which was to be formed."

Giving to the pleading every reasonable intendment against demurrer, we are bound to say that such a situation as is alleged might come very close to the principles stated in some of the cases cited by plaintiff, such as *Vest, a Minor,* v. *Kramer,* 158 Ohio St., 78, and *Burrow, Admx.,* v. *Porterfield, Admr.,* 171 Ohio St., 28.

If plaintiff's decedent was a guest in the sense in which that term is used in Section 4515.02, Revised Code, the allegations of defendant's knowledge of the circumstances, and that "his actions would result in injury to Orlyn W. Fout" might suffice to meet the requirements of pleading a case of willful or wanton misconduct. See 6 Ohio Jurisprudence (2d), 611, Automobiles, Section 344.

For these reasons, the judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

WISEMAN, P. J., and KERNS, J., concur.