GOSSETT, APPELLANT, *v.* JACKSON, APPELLEE.

[Cite as Gossett v. Jackson, 10 Ohio App. 2d 121.]

(No. 165—Decided January 19, 1965.)

*Mr. Lawrence R. Curtis* and *Mr. Richard P. Faulkner*, for appellant.

*Mr. Karl E. Paulig*, for appellee.

KERNS, P. J.   This is an appeal on questions of law from a judgment of the Court of Common Pleas of Champaign County sustaining the defendant's demurrer to the plaintiff's amended petition and dismissing the action.

Although still in embryo stage, this case has already experienced an unusually long and arduous procedural journey, but, fortunately, its history is not in any way pertinent to the present inquiry.   The sole question presented herein is whether the plaintiff's amended petition states a cause of action for "willful or wanton misconduct" within the scope and meaning of Section 4515.02, Revised Code (the guest statute).

With reference to that question, the amended petition contains the following allegations:

(1) "defendant had been without sleep for a period of 53 hours"

(2) "was intoxicated from the consumption of intoxicating liquor during said period"

(3) "was dozing"

(4) "was driving at a speed of 70 miles per hour or more"

(5) "the weather was cloudy and misty and said highway was wet"

(6) "said highway was a 2-lane highway with many curves, and that defendant had driven over said highway many times"

(7) "that defendant approached a curve in said highway and drove into said curve without slackening speed, knowing that under said above conditions said automobile probably would not be able to round said curve without going into the ditch"

(8) "that defendant drove said automobile across the centerline of said highway into the highway guard-rail and then into the ditch * * *."

These allegations must, of course, be tested in view of the well-established rule that "the allegations of the petition must be liberally construed in favor of the plaintiff, and the plaintiff must be given the benefit of whatever can, by fair and reasonable intendment, be implied from those allegations."   *White* v.

*Harvey*, 170 Ohio St. 262; *Glass* v. *McCullough Transfer Co.,* 159 Ohio St. 505.

Driving while intoxicated is not of itself sufficient to constitute an act of wanton or willful misconduct. *O'Rourke, Admx.,* v. *Gunsley*, 154 Ohio St. 375; *Russell* v. *Elkins*, 115 Ohio App. 341. Neither is speed alone sufficient to state a good cause of action for wanton misconduct. *Akers* v. *Stirn*, 136 Ohio St. 245; *Morrow* v. *Hume, Admx.*, 131 Ohio St. 319. However, either speeding or driving while intoxicated may constitute an act of wantonness where the concomitant facts present an unusually dangerous situation and there is a consciousness on the part of the driver that his conduct will in all probability result in injury to another. See *Billings* v. *Carroll*, 171 Ohio St. 167; *Botto* v. *Fischesser*, 174 Ohio St. 322; *Tighe* v. *Diamond*, 149 Ohio St. 520; *Jenkins* v. *Sharp*, 140 Ohio St. 80; *Susmann* v. *Tullar*, 89 Ohio Law Abs. 577; *White* v. *Harvey*, 170 Ohio St. 262; *Zalewski* v. *Yancey*, 101 Ohio App. 501; *Kirk* v. *Birkenbach*, 22 Ohio Law Abs. 569; *Clark* v. *Hiatt*, 105 Ohio App. 402.

The generally accepted definition of "wanton misconduct," as used in Section 4515.02, Revised Code, is set forth in *Universal Concrete Pipe Co.* v. *Bassett*, 130 Ohio St. 567, 119 A. L. R. 646, as follows:

"2. Wanton misconduct is such conduct as manifests a disposition to perversity, and it must be under such surrounding circumstances and existing conditions that the party doing the act or failing to act must be conscious, from his knowledge of such surrounding circumstances and existing conditions, that his conduct will in all common probability result in injury. * * *"

In *Botto* v. *Fischesser*, 174 Ohio St. 322, the second paragraph of the syllabus states:

"Wanton misconduct under the guest statute * * * by the operator of a motor vehicle may consist of deliberately perverse behavior, with such reckless and inexcusable conduct in driving the vehicle as to endanger the safety of the occupants therein."

With these definitions before us, we have examined a number of cases where allegations appearing no stronger than those in the plaintiff's amended petition in this case were held good as against demurrer. See *Marietta* v. *Nichol*, 72 Ohio App. 387; *Melville* v. *Greyhound Corp.*, 94 Ohio App. 258; *Adamisiak* v.

*Krupski*, 22 Ohio Law Abs. 360; *Bolser* v. *Arnold*, 73 Ohio App. 133; *Clark* v. *Hiatt*, 105 Ohio App. 402; *Thomas* v. *Foody*, 54 Ohio App. 423. See, also, *Fout, Admr.*, v. *Secrets*, 114 Ohio App. 107; *Billings* v. *Carroll*, 171 Ohio St. 167.

Furthermore, the plaintiff's pleading in the present case discloses facts and circumstances from which it can fairly and reasonably be implied that the defendant herein knowingly displayed conduct as reckless and inexcusable as the behavior of the defendant in *White* v. *Harvey*, 170 Ohio St. 262, and the Supreme Court held that the petition filed in that case stated a good cause of action. But even more convincing is the comparatively recent case of *Kellerman, Admx.*, v. *J. S. Durig Co.*, 176 Ohio St. 320. If the facts considered by the Supreme Court in that case raised a question of "wanton misconduct," then the plaintiff's amended petition now under consideration, which reveals a more pronounced "disposition to perversity," is clearly sufficient to withstand the defendant's demurrer.

Based upon the record already presented in the instant case, it is reasonable to anticipate that the plaintiff will encounter substantial difficulty in the pursuit of his cause of action, but, in ruling on a demurrer, a court may not indulge in speculation. As heretofore indicated, the sole question presented herein is one of pleading, and, the amended petition being sufficient to state a cause of action, the plaintiff must be given his "day in court."

The judgment will, therefore, be reversed and the cause remanded to the trial court for further proceedings according to law.

*Judgment reversed.*

SHERER and CRAWFORD, JJ., concur.