HOGAN, A MINOR, APPELLEE, *v.* FINCH, A MINOR, APPELLANT.

32

(No. 39984—Decided December 21, 1966.)

34

*Mr. Elliott E. Meyers,* for appellee.

*Messrs. Edwards & Klein* and *Mr. H. M. Edwards,* for appellant.

ZIMMERMAN, J.   We recognize that the so-called "guest statute," Section 4515.02, Revised Code, is a part of the law of Ohio and should be recognized.   We also recognize that there are close cases wherein that statute is not applicable.

In the instant case, the jury was fully advised in the special and general charges as to the difference between a "guest" and a "passenger" in a motor vehicle, and that, in order to recover, the burden rested on plaintiff to establish her status as a passenger.

The charges as given are in substantial conformity with

prior decisions of this court. See, for example, *Dorn, Admr., v. Village of North Olmsted*, 133 Ohio St. 375, 14 N. E. 2d 11; *Vest, a Minor, v. Kramer*, 158 Ohio St. 78, 107 N. E. 2d 105; and *Burrow, Admx., v. Porterfield, Admr.*, 171 Ohio St. 28, 168 N. E. 2d 137.

There was evidence before the jury that plaintiff remained at the swimming club at defendant's request to perform a service for him in keeping an eye on his then ten-year-old younger brother during his absence at a basketball court outside the swimming pool area; that plaintiff did remain instead of departing with her older sister and other companions as it was suggested she do; and that as a consideration for such service defendant agreed to drive plaintiff to her home later, which he was in the process of doing when plaintiff's injuries occurred. See annotation, 10 A. L. R. 2d, at page 1366.

The general verdict for plaintiff indicates that, under the court's charges, the jury found plaintiff to have been a passenger rather than a guest in defendant's automobile, and that she was entitled to recover on the basis of defendant's negligent operation of the vehicle.

As to the two interrogatories prepared and requested by counsel for defendant and submitted to the jury, the propriety of which may be questionable within the provisions of Section 2315.16, Revised Code, the answer to No. 1 was responsive to the question and indicated an attitude of the jury favorable to plaintiff. The answer to No. 2 is unsatisfactory and inappropriate, although the bill of exceptions does contain testimony that defendant was an admirer of plaintiff's older sister and had had a number of social contacts with her. But, is the answer to No. 2 of such a character as to invalidate the verdict and judgments as counsel for defendant insists? Section 2315.17, Revised Code, recites:

"When a special finding under Section 2315.16 of the Revised Code is inconsistent with the verdict, the former shall control the latter, and the court may give judgment accordingly."

In *Prendergast v. Ginsburg*, 119 Ohio St. 360, 164 N. E. 345, it is stated in the first paragraph of the syllabus:

"Judgment should not be rendered on special findings of fact as against the general verdict unless such special findings, when considered together, are inconsistent and irreconcilable with the general verdict."

See, also, *Davis* v. *Turner*, 69 Ohio St. 101, 68 N. E. 819, and *Board of Commissioners of Mercer County* v. *Deitsch*, 94 Ohio St. 1, 113 N. E. 745.

It is our opinion that, despite the inappropriateness of the answer to interrogatory No. 2, it is not so defective and faulty as to demand reversal in light of the general verdict and the answer to interrogatory No. 1. It is not of such a disastrous nature that it can be termed "inconsistent and irreconciable with the general verdict."

The credibility of witnesses and the weight to be given their testimony is, in the first instance, for the trier of the facts. This is a borderline case for plaintiff, but under the instructions of the court the jury resolved the factual issues in her favor, and the trial court rendered judgment for plaintiff on the verdict. That judgment was affirmed by the Court of Appeals, and a majority of this court is unwilling to reverse the judgments below. Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.

TAFT, C. J., concurring. In order to recover, it was necessary for plaintiff to establish that she was not a "guest * * * being transported without payment therefor" within the meaning of those words as used in the guest statute (Section 4515.02, Revised Code). In order to establish some payment for her ride, plaintiff made the allegations described on page 36, *supra*, as to defendant's request that plaintiff watch and play with his young brother and relieve defendant of that duty. These are the only allegations in the petition which could possibly be

construed as alleging any payment or consideration by plaintiff for defendant's transportation.

Defendant argues that the answers to the interrogatories establish as the consideration for plaintiff's transportation only something other than the payment or consideration so alleged, and hence necessarily represent a finding by the jury against plaintiff on those allegations. See *Davison* v. *Flowers* (1930), 123 Ohio St. 89, 96, 174 N. E. 137.

Defendant then contends that, by reason of Section 2315.17, Revised Code, the answers to these interrogatories should control the general verdict and require a judgment for defendant.

Section 2315.17, Revised Code, provides:

"When a special finding under Section 2315.16 of the Revised Code is inconsistent with the verdict, the former shall control the latter, and the court may give judgment accordingly."

The language of that section indicates that only "a special finding under Section 2315.16" is to have the effect sought by defendant.

Under the words of Section 2315.16, such a special finding must be a finding "upon particular material allegations contained in the pleadings controverted by an adverse party."

It is obvious that neither of the interrogatories nor answers thereto in the instant case represents such a finding.