216

STILTNER, APPELLEE, v. BAHNER, APPELLANT.

[Cite as Stiltner v. Bahner, 10 Ohio St. 2d 216.]

(No. 40405—Decided May 24, 1967.)

*Miss Gladys E. Davis, Mr. John Alden Staker* and *Mr. Richard L. Eisnaugle,* for appellee.

*Messrs. Miller, Searl & Fitch* and *Mr. Lee O. Fitch,* for appellant.

TAFT, C. J. The first question to be determined is whether the evidence was such as to enable reasonable minds to conclude that plaintiff, at the time of the accident in which she was injured, was riding in defendant's automobile as ''a guest * * * while * * * being transported without payment'' for her transportation, within the meaning of those words as used in the Ohio Guest Statute, Section 4515.02, Revised Code.

Payment, within the meaning of Section 4515.02, Revised Code, must be payment or benefit accepted or agreed upon by the driver as consideration for the transportation.[1] However, such payment or benefit need not be money. It is sufficient that the guest, by his presence in the automobile, renders service or assistance intended to benefit primarily the driver,[2] or intends to render service or assistance at the destination which will primarily benefit the driver,[3] or has before the trip rendered such service or assistance,[4] if the benefit or service is material, as distinguished from a mere social benefit,[5] or nominal or incidental contribution to expenses.[6]

In the instant case, no money was agreed upon as consideration. A nonmonetary benefit of a rider's company, society or companionship is not such a material consideration as may constitute payment and remove the rider from the status of "a guest * * * being transported without payment therefor."[7]

If we were to hold that plaintiff in the instant case was not a guest "being transported without payment therefor," then any time a driver-host, desiring to attend a social or sporting event or even watch T. V. at home but wanting companionship, should persuade a reluctant friend to join him, the friend, while being transported for such purpose, would be a paying guest.

A reluctant guest may still be a guest within the meaning

---

[1]*Hasbrook* v. *Wingate* (1949), 152 Ohio St. 50, 87 N. E. 2d 87; *Duncan* v. *Hutchinson* (1942), 139 Ohio St. 185, 39 N. E. 2d 140. See *Ames* v. *Seibert, Admr.* (1951), 156 Ohio St. 45, 99 N. E. 2d 905.

[2]*Dorn, Admr.,* v. *North Olmsted* (1938), 133 Ohio St. 375, 14 N. E. 2d 11; *Vest* v. *Kramer* (1952), 158 Ohio St. 78, 107 N. E. 2d 105.

[3]*Burrow, Admr.,* v. *Porterfield, Admr.* (1960), 171 Ohio St. 28, 168 N. E. 2d 137.

[4]*Hogan* v. *Finch* (1966), 8 Ohio St. 2d 31, 222 N. E. 2d 633; *Lisner* v. *Faust* (1958), 168 Ohio St. 346, 155 N. E. 2d 59.

[5]*Hasbrook* v. *Wingate, supra,* note 1; *O'Rourke, Admx.,* v. *Gunsley* (1950), 154 Ohio St. 375, 96 N. E. 2d 1; *Duncan* v. *Hutchinson, supra,* note 1.

[6]*Hasbrook* v. *Wingate, supra,* note 1; *Birmelin, Admx.,* v. *Gist, Admx.* (1954), 162 Ohio St. 98, 120 N. E. 2d 711; *Duncan* v. *Hutchinson, supra,* note 1; *Jancar* v. *Knapic* (1960), 171 Ohio St. 165, 168 N. E. 2d 407.

[7]*Hasbrook* v. *Wingate, supra,* note 1; *O'Rourke, Admx.,* v. *Gunsley, supra,* note 5; *Duncan* v. *Hutchinson, supra,* note 1.

of the guest statute; and the fact, that the host-driver is much more interested in having the rider's social companionship than the rider is in giving that social companionship, cannot support a conclusion either that the rider is not a guest or that he is paying for his transportation.

The Court of Appeals in the instant case relied upon its unreported opinion in *Hogan* v. *Finch,* which was affirmed in 8 Ohio St. 2d 31, 222 N. E. 2d 633 (1966). However, there, the defendant agreed to transport plaintiff to her home, if the plaintiff would look after defendant's younger brother at a swimming club. The plaintiff there was not giving only the pleasure of her company, but had performed a material service for the driver in return for her transportation.

We conclude that, where a driver by repeated requests persuades a friend to go in the driver's vehicle to spend the night at the driver's home because the driver is lonely, and where no other service is to be performed by the friend, and no benefit other than his company is to be conferred upon the driver, such friend, as a matter of law, becomes a guest "being transported without payment therefor" within the meaning of the Ohio Guest Statute.

However, plaintiff contends that, even if she were a guest being transported without payment for her transportation when she entered defendant's vehicle, she divested herself of that status before the accident.

Our guest statute applies to "a guest * * * while such guest is being transported without payment therefor."

If there were evidence that some arrangement for payment for the transportation of the rider arose after the rider entered the driver's vehicle and before the accident, then the guest statute would not prevent recovery for negligence of the driver. There is no such evidence in the instant case.

Where there is no such arrangement, the question remains as to whether the rider's status as a guest may change after her entry into the vehicle.[3]

[3]There are very few precedents on this question. 5 Blashfield, Automobile Law and Practice (3 Ed.), 151, 152, Section 212.19; 8 American Jurisprudence 2d 43, Automobiles, Section 477. Compare *Akins* v. *Hemphill*

In our opinion, the answer to the question, whether a rider's status as a guest may be changed after entering into the vehicle, depends upon the definition of the word "guest" as used in the Ohio Guest Statute.

In *Lombardo* v. *DeShance* (1958), 167 Ohio St. 431, we stated in paragraph one of the syllabus:

"* * * the word 'guest' does not require anything more than the giving of * * * hospitality in order to make the person, receiving and to be benefited by it, a guest."

Our decisions recognize that a guest may cease to be a guest where the driver ceases to be "giving * * * hospitality," that will benefit the guest. *Lombardo* v. *DeShance, supra* (167 Ohio St. 431) ; *Redis* v. *Lynch* (1959), 169 Ohio St. 305, 159 N. E. 2d 597.

Thus, in *Lombardo,* it is stated:

"* * * Obviously, one who is kidnapped or forced against his will to ride in an automobile is not a 'guest,' even though no payment is made for his transportation." Also, in *Redis* v. *Lynch, supra* (169 Ohio St. 305), it was held that, where a plaintiff was to be taken by a defendant-driver to her home but, against such plaintiff's protests and objections, she was instead taken elsewhere, she would cease to be a guest within the meaning of the Ohio Guest Statute.

---

(1949), 33 Wash. 2d 735, 207 P. 2d 195, and *Taylor* v. *Taug* (1943), 17 Wash. 2d 533, 136 P. 2d 176 (holding that "guest" status may not so change during the trip), with *Blanchard* v. *Ogletree* (1930), 41 Ga. App. 4, 152 S. E. 116; *Spring* v. *Liles* (1963), 236 Ore. 140, 387 P. 2d 578, 580 (dictum), and *Andrews* v. *Kirk* (Fla. App. 1958), 106 So. 2d 110, 117 (holding that "guest" status may so change).

The courts of Georgia have held, independent of statute, that gross negligence must be shown in order to hold the owner or operator of a motor vehicle liable for injury to an invited guest. *Slaton* v. *Hall* (1929), 168 Ga. 710, 148 S. E. 741, 73 A. L. R. 891. It is perhaps because they have no strong statutory policy that they permit the "guest" status to change where, without more, the rider protests about improper driving and requests to be let out. See *Anderson* v. *Williams* (1957), 95 Ga. App. 684, 98 S. E. 2d 579.

It is generally held that a simple protest without a request to be let out of the vehicle is insufficient to terminate a guest status. See annotation 25 A. L. R. 2d 1448; *Wachtel* v. *Bloch* (1931), 43 Ga. App. 756, 160 S. E. 97; and *Andrews* v. *Kirk,* 106 So. 2d 110 (Fla. App. 1958).

In both of the foregoing instances, there would obviously be no longer a conferring of any benefit by the driver on the rider in his vehicle. On the contrary, the purpose of the driver would be to deny the rider the hospitality proffered when the transportation commenced.

Until the unfortunate conclusion of the ride in the instant case, the defendant never ceased to give "hospitality" to plaintiff. Notwithstanding plaintiff's objections to her driving and request to go home, there is nothing to show that any trip home or letting plaintiff out of defendant's vehicle in the middle of the night would have involved less hazards than plaintiff encountered on the trip as originally contemplated. Unlike in *Redis,* there is no evidence of any deviation from the trip that plaintiff anticipated when she entered defendant's automobile, and, unlike in the case supposed in *Lombardo,* there is no evidence that the plaintiff was kidnapped; nor is there any evidence that the driver did not always intend to give hospitality that would benefit her rider.

The purpose of the guest statute is to protect the driver of the vehicle from being sued for injury by a rider upon whom he is intending to confer a benefit without payment therefor at the time of the claimed injury. Passage of this statute was undoubtedly motivated in the General Assembly by considerations comparable to those which have led courts to hold that an occupier of real property will be protected against suits by his licensees for negligence in maintenance of his real property.

However, in enacting the guest statute, the General Assembly apparently recognized that wanton or wilful misconduct toward a rider in a vehicle would be wholly inconsistent with any reasonable intent to confer a benefit upon such rider, although negligence would not. Thus, as long as the driver reasonably intends to confer a benefit on the rider in providing transportation in his vehicle and there is no payment for that benefit, the purpose of the guest statute would appear to require giving the driver the protection that the statute was designed to give, *i. e.,* protection from liability on account of negligence.

Our conclusion is that a guest in an automobile does not cease to be a guest, within the meaning of the Ohio Guest Stat-

ute, as long as the driver of the vehicle reasonably intends to give hospitality that will benefit his rider, especially where that hospitality is the same that the rider expected to receive on entering the vehicle—in this case a ride to the driver's home.

Plaintiff contends further that the case should have been submitted to the jury, because there was evidence that plaintiff's injuries were proximately caused by the wanton or wilful misconduct of defendant. No such cause of action was pleaded in the petition. Furthermore, we are of the opinion that reasonable minds could not conclude from the evidence that there was any wilful or wanton misconduct of defendant.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and that of the Common Pleas Court is affirmed.

*Judgment reversed.*

ZIMMERMAN, MATTHIAS, O'NEILL and BROWN, JJ., concur.
HERBERT and SCHNEIDER, JJ., dissent on authority of *Hogan, a Minor,* v. *Finch, a Minor,* 8 Ohio St. 2d 31.