KEMP, A MINOR, ET AL., APPELLANTS, *v*. PARMLEY, APPELLEE.

(No. 68-130—Decided October 16, 1968.)

4

*Messrs. Volkema, Redmond & Post, Mr. Clenzo B. Fox* and *Mr. Roger C. Post,* for appellants.

*Messrs. Hamilton, Kramer & Myers* and *Mr. Earl L. Hamilton,* for appellee.

ZIMMERMAN J. Does the petition herein state valid causes of action?

Section 4515.02, Revised Code, the so-called guest statute, recites:

"The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, resulting from the operation of said motor vehicle, while such guest is being transported without payment therefor in or upon said motor vehicle, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner, or person responsible for the operation of said motor vehicle."

The term, "guest," as used in the quoted statute, is nowhere statutorily defined, but it has been interpreted in decisions of this court.

Nearest in point here is the case of *Lombardo* v. *De Shance,* 167 Ohio St. 431, 149 N. E. 2d 914, 66 A. L. R. 2d 1313, involving a plaintiff who, after becoming voluntarily intoxicated to the point of insensibility, was placed by defendant in his automobile and, later, was injured when defendant drove off the road and into a tree. It was held that under the allegations of the petition no more than negligence was charged. Plaintiff was denied recovery of damages for personal injuries on the ground that her status was that of a guest within the contemplation of the guest statute.

In the cited case, the court unanimously held that under our guest statute "the word 'guest' does not require anything more than the giving of * * * hospitality."

Assent to the motor vehicle transportation is not ordinarily necessary. Consequently, a child of tender years may be a guest within the contemplation of the statute.

We think that the *Lombardo case* is dispositive of the instant one. There are no allegations in the petition herein to indicate that the defendant, in transporting Karen, was engaged in other than the giving of hospitality—the doing of a kindly act of accommodation. See, also, *Burrow* v. *Porterfield*, 171 Ohio St. 28, 36, 168 N. E. 2d 137, 143, and *Stiltner* v. *Bahner,* 10 Ohio St. 2d 216, 227 N. E. 2d 192.

In this court, appellants challenge the constitutionality of Section 4515.02, Revised Code. Since the constitutionality of that statute was not challenged in either of the lower courts, it cannot be challenged here for the first time. *State* v. *Lynn,* 5 Ohio St. 2d 106, 110, 214 N. E. 2d 226, 230.

We find no error in the judgment of the Court of Appeals herein, and that judgment is affirmed.

*Judgment affirmed.*

Taft, C. J., Matthias, O'Neill, Doyle, Schneider and Brown, JJ., concur.

Doyle, J., of the Ninth Appellate District, sitting for Herbert, J.