THOMAS, A MINOR, APPELLANT, *v.* HERRON, A MINOR, APPELLEE.

[Cite as Thomas v. Herron, 20 Ohio St. 2d 62.]

(No. 69-19—Decided December 3, 1969.)

Mr. *Albert S. Walker*, for appellant.
Messrs. *Buckingham, Doolittle & Burroughs*, and *Mr. Duane Morris*, for appellee.

SCHNEIDER, J.  The majority of the court has resolved both questions involved against the appellant.  Consequently, the affirmance of the judgment below could rest

upon either. Since jurisdiction was assumed to consider both, as questions of great general interest, the disposition of each will be discussed.

First, is the owner of a motor vehicle who is riding in the vehicle while it is being driven by another on a purely social outing barred by the guest statute from recovery on a claim based on the simple negligence of the driver? The parties agree that, although Nancy was not the registered owner of the car, for purposes of this case, she stands in the position of the owner and will be so regarded. See *Baldwin* v. *Hill* (C. A. 6, 1963), 315 F. 2d 738, 742.

Section 4515.02, Revised Code, states:

"The owner, *operator, or person responsible for the operation* of a motor vehicle shall not be liable for loss or damages arising from the injuries to or death of a guest, resulting from the operation of said motor vehicle, while such guest is being transported without payment therefor in or upon said motor vehicle, unless such injuries or death are caused by the willful or wanton misconduct of such *operator*, owner, *or person responsible for the operation of said motor vehicle.*" (Emphasis supplied.)

At the time of the collision herein, Arden was the operator of and the person responsible for the operation of the automobile. Thus, he is in the category of persons which the guest statute intended to shield from liability. But, in order for the guest statute to bar Nancy's recovery, it must be shown first, that she was a "guest" within the meaning of the statute, and second, that she did not make "payment" for the transportation. The terms, "guest" and "payment," involve separate concepts. *Lombardo* v. *De Shance* (1958), 167 Ohio St. 431, 434.

Whether or not a rider is a "guest" depends, in turn, upon whether the driver extended hospitality or a benefit to the rider. See *Stiltner* v. *Bahner* (1967), 10 Ohio St. 2d 216; *Redis* v. *Lynch* (1959), 169 Ohio St. 305; and *Lombardo* v. *De Shance, supra* (167 Ohio St. 431). In this case, Arden had relieved Nancy of the burden of driving the automobile. He was providing her with a ride. She was with Arden socially, and with her consent. Of course, Nancy provided

the car and gasoline. But this contribution on her part is pertinent only in determining whether Nancy paid for the transportation, not whether she was a "guest." That status is to be determined by what Arden, the driver, conferred upon Nancy and what Nancy, the rider, received, not by what Nancy, the owner, furnished for the occasion.

We conclude that one who drives a motor vehicle owned by another on a purely social occasion provides hospitality to the riding owner, so as to constitute the latter a "guest" within the meaning of Section 4515.02, Revised Code. In agreement with the conclusion are the following cases from other jurisdictions: *Schlim* v. *Gau* (1963), 80 S. D. 403, 125 N. W. 2d 174; *Murray* v. *Lang* (1960), 252 Iowa 260, 106 N. W. 2d 643; *Phelps* v. *Benson* (1958), 252 Minn. 457, 90 N. W. 2d 533.

For the contribution of Nancy, *i. e.*, the vehicle and its gasoline, to constitute "payment" for the ride, that contribution must have been the agreed consideration for the ride, either expressly or impliedly. *Stiltner* v. *Bahner, supra* (10 Ohio St. 2d 216). See *Hasbrook* v. *Wingate* (1949), 152 Ohio St. 50. Here, Arden did not take the wheel pursuant to any agreement and Nancy's contribution in this case was happenstance.

Even if it could be said that Nancy's contribution was given in exchange for the ride, it would not constitute "payment." In *Duncan* v. *Hutchinson* (1942), 139 Ohio St. 185, we held that in determining whether payment, in the nature of paying or sharing the expenses of the ride, satisfied the guest statute, the critical fact is whether the trip had a business or social aspect (139 Ohio St. at 185). In the instant case, the ride which Nancy and Arden emmarked upon was totally social. Even if her contribution is viewed as a voluntary payment of expenses, it was a mere social courtesy and not sufficient to remove her from the statute.

Therefore, we are constrained to hold that where the owner of a motor vehicle commits the responsibility of the operation thereof to another and merely rides therein on a purely social occasion, the owner's contribution of the motor vehicle, including fuel, to the occasion does not con-

stitute "payment" within the meaning of Section 4515.02, Revised Code.

Our conclusion is consistent with the underlying purpose of the guest statute, which is to prevent the possibility of fraud and collusion between social friends and family members to recover from the driver's insurance carrier. See *Kitchens* v. *Duffield* (1949), 149 Ohio St. 500, 503; *Schlim* v. *Gau, supra* (80 S. D. 403, 408-09, 125 N. W. 2d 174); *Naudzius* v. *Lahr* (1931), 253 Mich. 216, 224, 234 N. W. 2d 580. Our conclusion in this regard is in accord with the holding of the Supreme Court of South Dakota in *Schlim* v. *Gau, supra* (80 S. D. 403, 408, 125 N. W. 2d 174).

We recognize that courts in other jurisdictions have held that an owner is not a "guest" in his own car. Their rationale is that the purpose of the guest statute is to prevent a suit by the one who is a recipient of hospitality, and because the riding owner is extending hospitality by providing the car and gasoline rather than receiving it, he is the host, even while riding, and therefore cannot be a guest. *Baldwin* v. *Hill, supra* (315 F. 2d 738, 742); *Wilson* v. *Workman* (D. C. Del. 1961), 192 F. Supp. 852, 854; *Peterson* v. *Winn* (1962), 84 Idaho 523, 528, 373 P. 2d 925; *Ahlgren* v. *Ahlgren* (1957), 152 Cal. App. 2d 723, 725, 313 P. 2d 88; *Gledhill* v. *Connecticut Co.* (1936), 121 Conn. 102, 105, 183 A. 379. None of these cases, however, approaches the issue of whether the rider was a "guest" from the standpoint of the driver's hospitality to the former, as we have in this jurisdiction. Nor do we agree with those courts which hold that the owner's provision of the car and gasoline are "payment." *E. g., Henline* v. *Wilson* (1960), 111 Ohio App. 515, 521; *Parker* v. *Leavitt* (1960), 201 Va. 919, 114 S. E. 2d 732; *Lorch* v. *Eglin* (1952), 369 Pa. 314, 319, 85 A. 2d 841.

The second question presented is whether Nancy, having become the spouse of the defendant subsequent to filing the action, can maintain her action.

In *Lyons* v. *Lyons* (1965), 2 Ohio St. 2d 243, we held that a suit based on negligence cannot be maintained between spouses living together at the time of the injury. The proper inquiry here is whether the reasons which

defeated the maintenance of the suit in *Lyons* are likewise valid to deny a suit between spouses living together, based on negligence, for an injury received prior to that marriage.

*Lyons* imposed immunity between spouses in furtherance of a policy to discourage the provocation of marital discord. Spouses will, nonetheless, find themselves in adversary roles in a lawsuit between them, notwithstanding the injury occurred prior to their marriage. Litigation under these circumstances pits one spouse against the other. Its necessary ingredients can easily provide a source of serious irritation to the marital relationship. Furthermore, if an incident which occurred before marriage is imposed upon that relationship by litigation, it is then possible, if not probable, that that which should have been forgiven and forgotten will instead be disruptive to marital harmony. See *Trotti* v. *Piacente* (1965), 99 R. I. 167, 168, 206 A. 2d 462, 463; *Patenaude* v. *Patenaude* (1935), 195 Minn. 523, 263 N. W. 546; *Latiolais* v. *Latiolais* (Tex Civ. App. 1962), 361 S. W. 2d 252; *Tanno* v. *Eby* (1946), 78 Ohio App. 21, 23.

*Lyons* (2 Ohio St. 2d 243, 244) also recognized that in the case where the defendant in fact is the defendant-spouse's liability insurer, there is a possibility that the spouses will be induced to "raid" the insurance carrier for a windfall recovery. Even in the case of a substantial injury, the probability exists that the element of liability, as well as pain and suffering, would be susceptible of exaggeration because of the intimate relationship of the parties. The fact that the injury occurred before the parties were married does not extinguish this risk.

Although the policy which favors allowing every person to be compensated for his injuries (see *Signs* v. *Signs* [1952], 156 Ohio St. 566), as well as that which recognizes each spouse as *sui juris* (*Damm* v. *Elyria Lodge* [1952], 158 Ohio St. 107), militates against interspousal immunity, the factors previously discussed require the extension of the doctrine announced in *Lyons* to the situation presented here.

We hold, therefore, that a suit based on negligence

may not be maintained between spouses living together for injuries sustained prior to the marriage.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., MATTHIAS, and CORRIGAN, JJ., concur.

O'NEILL, J., concurs in paragraph three of the syllabus and in the judgment.

HERBERT, J., concurs in paragraphs two and three of the syllabus and in the judgment.

DUNCAN, J., dissents.