KLEIN, ADMR., APPELLEE, *v.* REYNOLDS, ADMR., APPELLANT.

[Cite as Klein v. Reynolds (1972), 32 Ohio St. 2d 163.]

(No. 72-223—Decided December 15, 1972.)

' ' ※ ※ ※

166

*Messrs. Barkan, Barkan & Neff* and *Mr. Frank J. Neff*, for appellee.

*Messrs. Hamilton, Kramer, Myers & Summers* and *Mr. Robert L. Summers*, for appellant.

*Per Curiam.* Since its enactment in 1933 (115 Ohio Laws 57), this court has issued opinions concerning the so-called guest statute (R. C. 4515.02) in no less than 52 cases. Those decisions frequently have resulted from the use by the General Assembly of the ambiguous term, "guest." We decline to further stir the waters at this time with another lengthy dissertation.

The facts of this case are controlled by the following language from pages 35 and 36 in the opinion of *Burrow* v. *Porterfield* (1960), 171 Ohio St. 28, 168 N. E. 2d 137:

"Our decisions indicate that a rider is a guest within the purview of Section 4515.02, Revised Code, where one of the following relationships exists:

"'* * *

"(2) Where the transportation is furnished solely for the social and pleasure purposes of both the rider and driver. *Duncan* v. *Hutchinson, supra* (139 Ohio St., 185)."

The facts at bar do not present a jury question upon the issue of a continuance or cessation of the flow of hospitality from driver to passenger. Cf. *Stiltner* v. *Bahner*

(1967), 10 Ohio St. 2d 216, 227 N. E. 2d 192; *Kemp* v. *Parmley* (1968), 16 Ohio St. 2d 3, 241 N. E. 2d 169; *Thomas* v. *Herron* (1969), 20 Ohio St. 2d 62, 253 N. E. 2d 772.

From the sole evidence in this case, reasonable minds could only conclude "that on the fatal night we had three young men * * * enjoying each other's company, doing what so many young men are prone to do, driving around, enjoying the performance of one of Detroit's products." (Appellant's brief, at page 7.)

As can be seen from the above, appellee's decedent was a guest passenger in the automobile. Thus, since the record presents no evidence of wilful or wanton misconduct upon the part of the appellant's decedent, the judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.

LEACH, J., concurring. As I understand the reasoning of the Court of Appeals, it was to the effect that a jury could reasonably conclude that the motivation of the driver, just prior to and at the moment of impact, was merely to satisfy his own desires to drive the automobile and thus not to "give hospitality" to anyone, and that in such event the guest statute would have no application. In so concluding the court relied principally on certain language in *Stiltner* v. *Bahner* (1967), 10 Ohio St. 2d 216, to the effect that a guest may cease to be a guest "where the driver ceases to be giving hospitality that will benefit the guest" (paragraph four of syllabus) and does not cease to be a guest "as long as the driver of the automobile reasonably intends to give hospitality that will benefit his rider" (paragraph five of syllabus).

This language, when examined in the context of the facts involved in *Stiltner*, does not in my opinion support

the conclusion that the determination of the status of a nonpaying rider—who is doing nothing for the benefit of the driver and who is not being held against his will—as a "guest" or as a "passenger"* may be made by simply applying a subjective test as to the driver's awareness of the presence of the rider and whether his thoughts and actions are directed toward supplying "hospitality" directed to the rider, or whether he is concerned at the time solely in satisfying his own desires.

A careful reading of *Stiltner* indicates that the test of "giving hospitality" was thought to be satisfied by the "benefit" conferred on the rider merely by the act of "providing transportation" without payment. Taft, C. J., stated, at page 222:

"* * * Thus, as long as the driver reasonably intends to confer a *benefit* on the rider *in providing transportation* in his vehicle and there is no payment for that benefit, the purpose of the guest statute would appear to require giving the driver the protection that the statute was designed to give, *i. e.*, protection from liability on account of negligence." (Emphasis added.)

I think it clear that the requirement of a "benefit" or "hospitality" as a part of the guest status, within the purview of R. C. 4515.02, is satisfied merely by proof of gratuitous transportation, without regard to the driver's particular thought processes at any particular time during the period of such gratuitous transportation. As held in the syllabus of *Kemp* v. *Parmley* (1968), 16 Ohio St. 2d 3, "anyone who is being transported in a motor vehicle as a recipient of hospitality, or strictly as a gratuitous accommodation, is a guest."

O'NEILL, C. J., concurs in the foregoing concurring opinion.

---

*See *Burrow* v. *Porterfield* (1960), 171 Ohio St. 28, at page 35 *et seq.*