DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, City of Cuyahoga Falls, appeals the decision of the Summit County Court of Common Pleas, which dismissed appellant's complaint against appellee, Todd E. Crouse. This Court affirms.
 I. {¶ 2} This case involves an action for damages sustained by a police cruiser owned by the City of Cuyahoga Falls ("the City"). The cruiser was involved in a collision with a vehicle driven by Mr. Crouse. On September 10, 2002, the City filed a complaint against Mr. Crouse for negligence resulting in property damage to its police cruiser. On November 4, 2002, Mr. Crouse filed his answer denying negligence and any liability for the property damage to the police cruiser.
 {¶ 3} On May 14, 2003, the case proceeded to a jury trial. At the close of trial on May 15th, the jury returned a verdict in favor of Mr. Crouse. That same day, the trial court entered judgment in favor of Mr. Crouse and dismissed the City's complaint against him.
 {¶ 4} The City timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The Jury's verdict is inconsistent with the jury's answer to interrogatories."
 {¶ 5} In its sole assignment of error, the City argues the jury's verdict is inconsistent with the jury's answers to interrogatories. The City's argument is without merit.
 {¶ 6} R.C. 4511.45 governs the right-of-way that a public safety vehicle, such as a police cruiser, would have on the roadways. The statute provides, in relevant part:
"Upon the approach of a public safety vehicle or coroner's vehicle, equipped with at least one flashing, rotating or oscillating light visible under normal atmospheric conditions from a distance of five hundred feet to the front of the vehicle and the driver is giving an audible signal by siren, exhaust whistle, or bell, no driver of any other vehicle shall fail to yield the right-of-way, immediately drive if practical to a position parallel to, and as close as possible to, the right edge or curb of the highway clear of any intersection, and stop and remain in that position until the public safety vehicle or coroner's vehicle has passed, except when otherwise directed by a police officer." R.C. 4511.45(A)(1).
R.C. 4511.45(B) states that, although the statute provides authority by which public safety vehicles obtain a right-of-way on roadways, it "does not relieve the driver of a public safety vehicle * * * from the duty to drive with due regard for the safety of all persons and property" on those roadways.
 {¶ 7} In the instant case, the City sued Mr. Crouse for violation of R.C. 4511.45, claiming that Mr. Crouse's negligence in failing to yield to Officer Capps' right-of-way caused their vehicles to collide, resulting in property damage to Officer Capps' police cruiser. Mr. Crouse answered the City, denying any negligence or liability for the collision. The case proceeded to a jury trial and, on May 15, 2003, the jury returned a verdict in favor of Mr. Crouse.
 {¶ 8} During the proceedings, the City filed three interrogatories to be answered by the jury. The trial court allowed the City's interrogatories and presented them with its instruction to the jury. In answering the interrogatories, the jury found that Officer Capps had his overhead lights and siren in operation prior to the collision. The City argues to this Court that the jury's determination that Mr. Crouse was not negligent is inconsistent with the jury's answers to the interrogatories. The City asserts the inconsistency between the jury's factual findings and its verdict is contrary to law and, therefore, the case must be remanded for a new trial. This Court disagrees.
 {¶ 9} This Court has stated the appellant has the burden of demonstrating the irreconcilability of the jury's verdict with its answers to interrogatories. Fit `N' Fun Pools, Inc. v.Shelly (Jan. 3, 2001), 9th Dist. No. 99CA0048, citing Hogan v.Finch (1966), 8 Ohio St.2d 31. Moreover, in cases where a jury has made special findings, such as answers to interrogatories, in addition to its general verdict, this Court has said that it should be presumed the jury's findings are harmonious with its verdict. Midwest Specialties, Inc. v. Firestone Tire RubberCo. (1988), 42 Ohio App.3d 6, 10, quoting Klever v. Reid Bros.Express, Inc. (1949), 151 Ohio St. 467, 474.
 {¶ 10} In the instant case, the City takes issue with the jury's answers to the following interrogatories:
"Do you find that Officer Capps had his overhead lights in operation prior to the collision?"
"Do you find that Officer Capps had his siren in operation prior to the collision?"
The jury answered yes to these two interrogatories. The City now argues that, because the jury affirmed that Officer Capps had his overhead lights and siren in operation prior to the collision, it could not consistently conclude that Mr. Crouse was not negligent.
 {¶ 11} After reviewing the record, specifically the trial testimony, this Court finds the jury's answers to the interrogatories were not inconsistent with its verdict in this case. Mr. Crouse testified that Officer Capps did not turn on his overhead lights or siren until seconds before the police cruiser collided with his vehicle. As a result, Mr. Crouse had no warning that Officer Capps was speeding down Portage Trail toward him as Mr. Crouse turned onto Portage Trail. Two eye-witnesses to the collision, Michael Sanders and Paul Sanders, also testified that Officer Capps was speeding down Portage Trial without his overhead lights or siren operating on his police cruiser. Michael and Paul both testified they observed that the police cruiser's overhead lights and siren came on a split second before it collided into Mr. Crouse's vehicle. Paul testified that there was so little time between when the police cruiser's siren came on and when the cruiser collided into Mr. Crouse's vehicle that the siren did not even make its full sound, just a brief "whoop" sound.
 {¶ 12} This Court recognizes that conflicting testimony was presented in this case. However, it is well settled that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. This Court refuses to reverse the jury's verdict because it chose to believe the defense witnesses over the City's witnesses. Given the testimony at trial, it is not inconsistent for the jury to both find Officer Capps' overhead lights and siren were "in operation prior to the collision" and also conclude Mr. Crouse was not negligent. The jury clearly believed the testimony that Officer Capps did not turn his lights or siren on until the collision was imminent and, therefore, Mr. Crouse was not in violation of R.C. 4511.45 when he turned onto Portage Trail. This Court finds the interrogatory answers and the general verdict are not inconsistent.
 {¶ 13} The City's assignment of error is overruled.
 III. {¶ 14} Accordingly, the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Baird, P.J., Whitmore, J., concur.