BRYAN, Judge.
Tina Neal, the plaintiff below, appeals from a partial summary judgment in favor of Sem Ray, Inc. (“Sem Ray”), and Ronder Stringer, two of the defendants below, with respect to Neal’s claim of negligence in the operation of a dump truck. We affirm.
The following facts are undisputed. Stringer and Neal are cousins. Stringer is employed by Sem Ray as a dump-truck driver. On July 21, 2008, Stringer telephoned Neal’s mother and asked her to ride with Stringer on a trip to deliver a load of gravel to a job site in Atmore; however, Neal’s mother could not ride with Stringer due to a prior engagement. Consequently, Stringer asked Neal to ride with her and keep her company. Initially, Neal did not want to go; however, Neal’s mother asked Neal to ride with Stringer because Neal’s mother could not go, and Neal agreed to go. The next day, Stringer picked up Neal in Troy at 3:30 a.m., and they headed to Atmore. En route to At-more, the dump truck turned over, and Neal was injured.
On December 19, 2008, Neal sued Stringer, Sem Ray, and First Continental Leasing,[1] stating claims of negligence and wantonness in the operation of the dump truck against all the defendants; claims of negligence and wantonness in the hiring, training, and supervision of Stringer against Sem Ray and First Continental Leasing; claims of negligence and wantonness in the entrustment of the dump truck to Stringer against Sem Ray and First Continental Leasing; and claims of negligence and wantonness jointly and severally against Stringer, Sem Ray, First Continental Leasing, and fictitiously named parties.
Answering, Stringer, Sem Ray, and First Continental Leasing denied liability and, as an affirmative defense, asserted that they were not liable with respect to Neal’s negligence claims because, they said, Neal was a guest in the dump truck within the meaning of the Alabama Guest Statute, § 32-1-2, Ala.Code 1975, when she was injured.[2] Subsequently, Stringer, *196 Sem Ray, and First Continental Leasing moved for a summary judgment, which Neal opposed.
Following a hearing, the trial court entered an order denying the summary-judgment motion with respect to the claim of wantonness in the operation of the dump truck against Stringer and granting the summary-judgment motion with respect to all Neal’s other claims. The trial court did not certify the partial summary judgment as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., and it subsequently conducted a jury trial with respect to Neal’s claim of wantonness in the operation of the dump truck against Stringer. The jury returned a verdict in favor of Stringer with respect to that claim, and the trial court entered a judgment on that jury verdict. Thereafter, Neal timely appealed to the supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
In her brief to this court, Neal argues and cites authority only with respect to her claim of negligence in the operation of the dump truck against Stringer and Sem Ray. In Tucker v. Cullman-Jefferson Counties Gas District, 864 So.2d 317, 319 (Ala.2003), the supreme court stated:
“In his brief to this Court Tucker argues and cites authority only with respect to the summary judgment on his breach-of-contract claim; he never expresses disagreement with the dismissal of his fraud claim or the summary judgment as to his claim alleging ‘other wrongful conduct.’ Apparently, he has elected not to pursue those claims. ‘When an appellant fails to properly argue an issue, that issue is waived and will not be considered. Boshell v. Keith, 418 So.2d 89 (Ala.1982).’ Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala.Civ. App.1996). ‘An appeals court will consider only those issues properly delineated as such, and no matter will be considered on appeal unless presented and argued in brief. Ex parte Riley, 464 So.2d 92 (Ala.1985).’ Braxton v. Stewart, 539 So.2d 284, 286 (Ala.Civ.App.1988). Accordingly, we treat the fraud claim and the claim alleging ‘other wrongful conduct’ as having been abandoned by Tucker, and we affirm the judgments as to those claims. Thus, we address only the propriety of the summary judgment on the breach-of-eon-tract claim.”
864 So.2d at 319.
Accordingly, in the case now before us, due to Neal’s failure to present argument and to cite authority regarding any of her claims other than her claim of negligence in the operation of the dump truck against Stringer and Sem Ray, we treat all of her claims other than her claim of negligence in the operation of the dump truck against Stringer and Sem Ray as having been abandoned by Neal, and we affirm the judgments with respect to all of those claims. Thus, we will consider only the propriety of the partial summary judgment with respect to Neal’s claim of negligence in the operation of the dump truck against Stringer and Sem Ray. See Tucker.
Our review of the partial summary judgment with respect to Neal’s claim of negligence in the operation of the dump truck against Stringer and Sem Ray is governed by the following principles:
“This Court’s review of a summary judgment is de novo. Williams v. State Farm, Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether *197 the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski 899 So.2d 949, 952-53 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 588 So.2d 794, 797-98 (Ala.1989); Ala. Code 1975, § 12-21-12. ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala.1989).”
Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala.2004).
Citing Cash v. Caldwell, 603 So.2d 1001 (Ala.1992), Neal argues that the evidence established a genuine issue of material fact regarding whether she was a guest in the dump truck operated by Stringer within the meaning of the Alabama Guest Statute because, she says, the evidence established that she accompanied Stringer at the instance of Stringer for a purpose that benefited Stringer on a trip that was solely for the benefit of Stringer and Sem Ray. In Cash v. Caldwell, the supreme court summarized the facts and the procedural history pertinent to the Cashes’ negligence claim against Caldwell:
“In April 1988, Evelyn and Richard Cash left their home in California for a trip of several weeks across the country in their mobile home. They planned to stop in Birmingham to see Richard’s sister, Mary Cash Caldwell, and his mother, Mrs. Sweatt, who was ill. While the Cashes were in Texas, Richard telephoned Mary, and she asked them to come to Birmingham because their mother’s condition was deteriorating and she needed help.
“On April 18, 1988, Evelyn drove with Mary to take Mrs. Sweatt to see her physician in Birmingham. The doctor admitted Mrs. Sweatt to the hospital immediately. Mary and Evelyn returned home to retrieve Mrs. Sweatt’s personal belongings. That evening Mary, Evelyn, and Richard returned to the hospital to see Mrs. Sweatt.
“The three left the hospital in Mary’s automobile, just as it was beginning to rain. Mary was driving, Richard was in the right front seat, and Evelyn was in the right back seat. All three were wearing seat belts. It began raining very hard, and soon there was three to four inches of water on the road. As Mary began to make a sharp left turn, the car went into a counterclockwise spin and hit a telephone pole. Evelyn was seriously injured when her side of the car was crushed as it hit the telephone pole. On April 16, 1990, Evelyn and Richard sued Mary; Evelyn sought damages based on her personal injuries arising out of the accident, and Richard sought damages based on an alleged loss of consortium.
“On December 16, 1991, Mary moved for a summary judgment, claiming that Evelyn was a guest in the car and was therefore barred from suing her, as the automobile driver, under § 32-1-2, Code of Alabama 1975. The trial judge concluded ... that both Evelyn and Richard were ‘guests’ in Mary’s car, so, as a *198 matter of law, under § 82-1-2, they could have no recovery based on negligence. ...”
603 So.2d at 1002. Reversing the summary judgment with respect to Evelyn and Richard’s negligence claim, the supreme court stated:
“We must determine whether the trial court erred in holding that the Cashes were ‘guests’ as a matter of law. The Cashes contend that they were ‘passengers,’ and thus are not barred from suing under the Alabama Guest Statute, § 32-1-2. They argue further that if the legislature had intended to limit liability in family relationships in all situations, it would have so provided in the Guest Statute.
[[Image here]]
“The statute does not define the word ‘guest’; therefore, we must look to case law. In Wagnon v. Patterson, 260 Ala. 297, 303, 70 So.2d 244 (1954), this Court stated as follows:
“ ‘ “The general rule is that if the transportation of a rider confers a benefit only on the person to whom the ride is given, and no benefits other than such as are incidental to hospitality, goodwill or the like, on the person furnishing the transportation, the rider is a guest; but if his carriage tends to promote the mutual interest of both himself and [the] driver for their common benefit, thus creating a joint business relationship between the motorist and his rider, or where the rider accompanies the driver at the instance of the latter for the purpose of having the rider render a benefit or service to the driver on a trip which is primarily for the attainment of some objective of the driver, the rider is a passenger and not a guest.” ’
“Quoting Hasbrook v. Wingate, 152 Ohio St. 50, 87 N.E.2d 87 (1949).
“The facts in this case would permit a factfinder to conclude that the Cashes were promoting their own mutual interest and that of their sister and sister-in-law in caring for Richard and Mary’s ailing mother. They establish that Mary asked her brother and his wife to come to Birmingham earlier than they had planned to, in order to help her with the care of the ailing mother. We cannot say, as a matter of law, that the Cashes were ‘guests’ within the meaning of the Guest Statute under these circumstances. Whether the Cashes were guests or were passengers is a question for the jury, and that question should not have been determined by the trial judge as a matter of law. Roe v. Lewis, 416 So.2d 750 (Ala.1982); Sellers v. Sexton, 576 So.2d 172 (Ala.1991).”
603 So.2d at 1003.
Although the facts in Cash v. Caldwell differ from the facts in the case now before us, the opinion in Cash v. Caldwell states that “ ‘ “where the rider accompanies the driver at the instance of the latter for the purpose of having the rider render a benefit or service to the driver on a trip which is primarily for the attainment of some objective of the driver, the rider is a passenger and not a guest.” ’ ” 603 So.2d at 1003. Neal argues that that language in Cash v. Caldwell indicates that she was a passenger rather than a guest in the dump truck because, she says, the evidence in the case now before us would permit a jury to find that Stringer asked Neal to ride with her in order to render a service to Stringer, i.e., keep her company, on a trip that was solely for the attainment of an objective of Stringer and Sem Ray.
Stringer and Sem Ray argue, however, that, as a matter of law, Neal was a guest because, they say, (1) the trip was purely social in nature; (2) Neal accompanied Stringer at the instance of Neal’s mother *199 rather than Stringer; and (3) the only benefit received by Stringer from Neal’s riding with Stringer was the benefit of companionship, which was only an incidental benefit and was neither material nor tangible. We disagree with Stringer and Sem Ray’s argument that the purpose of the trip was purely social because the purpose of the trip was to deliver gravel for Sem Ray; however, we agree that it is undisputed that Stringer’s purpose in asking Neal to accompany her was purely social because the undisputed evidence established that Stringer asked Neal to ride with her to keep her company. With respect to Stringer and Sem Ray’s argument that Neal accompanied Stringer at the instance of Neal’s mother rather than Stringer, there was evidence from which a fact-finder could find that Stringer issued the original invitation and, therefore, that Neal rode with Stringer at Stringer’s instance, although Neal’s mother played a role in persuading Neal to accept the invitation. We agree with Stringer and Sem Ray’s argument that the undisputed evidence established that the only benefit Neal provided to Stringer was companionship. Thus, the issue before us is whether, as a matter of law, a rider is a guest “ ‘ “where the rider accompanies the driver at the instance of the latter for the purpose of having the rider render a benefit or service to the driver [solely in the form of companionship] on a trip which is primarily for the attainment of some objective of the driver.” ’ ” Cash v. Caldwell, 603 So.2d at 1003.
In Klein v. Harris, 268 Ala. 540, 545, 108 So.2d 425, 429 (1958), our supreme court stated:
“As said in Blair v. Greene, 247 Ala. 104, 22 So.2d 834 [ (1945) ], quoting from another case, if the trip is for any benefit to the driver (defendant), conferred or anticipated, it is sufficient to take the case out of the guest statute. But it is said in Sullivan v. Davis, 263 Ala. 685, 83 So.2d 434, 437, [ (1955) ] that a mere incidental benefit to the driver is not sufficient. The benefit thus conferred must in some way have induced the driver to extend the offer to the rider. It must be ‘material and tangible and must flow from the transportation provided’.”
However, the parties have not cited any cases specifically addressing the issue whether companionship is merely incidental or is material and tangible for purposes of determining whether a rider is a passenger or a guest. Our research has not located an Alabama case on point; however, we have located a decision of the Ohio Supreme Court that provides guidance. In Stiltner v. Bahner, 10 Ohio St.2d 216, 227 N.E.2d 192 (1967), the driver had telephoned the rider at a bar-restaurant and asked the rider to spend the night at the driver’s home because the driver was lonely. The rider refused the driver’s request; however, the driver drove to the bar-restaurant and, by repeated requests, persuaded the rider to spend the night at the driver’s home. While the rider was riding with the driver en route to the driver’s home, an accident occurred and the rider was injured. The rider then sued the driver, stating a claim of negligence. The trial court directed a verdict in favor of the driver based on the Ohio Guest Statute, which was then in effect.[3] The rider ap *200 pealed to the Ohio Court of Appeals, which reversed the judgment of the trial court. The driver then appealed to the Ohio Supreme Court. Reversing the judgment of the Ohio Court of Appeals, the Ohio Supreme Court stated:
“The first question to be determined is whether the evidence was such as to enable reasonable minds to conclude that [the rider], at the time of the accident in which she was injured, was riding in [the driver’s] automobile as ‘a guest ... while ... being transported without payment’ for her transportation, within the meaning of those words as used in the Ohio Guest Statute, Section 4515.02, Revised Code.
“Payment, within the meaning of Section 4515.02, Revised Code, must be payment or benefit accepted or agreed upon by the driver as consideration for the transportation. However, such payment or benefit need not be money. It is sufficient that the guest, by his presence in the automobile, renders service or assistance intended to benefit primarily the driver, or intends to render service or assistance at the destination which will primarily benefit the driver, or has before the trip rendered such service or assistance, if the benefit or service is material, as distinguished from a mere social benefit, or nominal or incidental contribution to expenses.
“In the instant case, no money was agreed upon as consideration. A non-monetary benefit of a rider’s company, society or companionship is not such a material consideration as may constitute payment and remove the rider from the status of ‘a guest ... being transported without payment therefor.’
“If we were to hold that [the rider] in the instant case was not a guest ‘being transported without payment therefor,’ then any time a driver-host, desiring to attend a social or sporting event or even watch T.V. at home but wanting companionship, should persuade a reluctant friend to join him, the friend, while being transported for such purpose, would be a paying guest.
“A reluctant guest may still be a guest within the meaning of the guest statute; and the fact, that the host-driver is much more interested in having the rider’s social companionship than the rider is in giving that social companionship, cannot support a conclusion either that the rider is not a guest or that he is paying for his transportation.
“The Court of Appeals in the instant case relied upon its unreported opinion in Hogan v. Finch, which was affirmed in 8 Ohio St.2d 31, 222 N.E.2d 633 (1966). However, there, the [driver] agreed to transport [the rider] to her home, if the [rider] would look after [the driver’s] younger brother at a swimming club. The [rider] there was not giving only the pleasure of her company, but had performed a material service for the driver in return for her transportation.
“We conclude that, where a driver by repeated requests persuades a friend to go in the driver’s vehicle to spend the night at the driver’s home because the driver is lonely, and where no other service is to be performed by the friend, and no benefit other than his company is to be conferred upon the driver, such *201 friend, as a matter of law, becomes a guest ‘being transported without payment therefor’ within the meaning of the Ohio Guest Statute.”
10 Ohio St.2d at 218-20, 227 N.E.2d at 194-95.
We find Stiltner persuasive and conclude that, because the only benefit Neal’s riding with Stringer conferred on Stringer was companionship, Neal, as a matter of law, was a guest in the dump truck driven by Stringer. Accordingly, we affirm the partial summary judgment in favor of Stringer and Sem Ray with respect to Neal’s claim of negligence in the operation of the dump truck.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. The record on appeal does not indicate the nature of First Continental Leasing’s relationship with Stringer, Sem Ray, the dump truck, or the accident.

. Section 32-1-2 provides:
“The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless *196 such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.”

. Approximately 8 years after Stiltner was decided, the Ohio Supreme Court, in Primes v. Tyler, 43 Ohio St.2d 195, 331 N.E.2d 723 (1975), held that the Ohio Guest Statute, Ohio Rev.Code Ann. § 4515.02, was unconstitutional; however, when Stiltner was decided, the Ohio Guest Statute was the same as the Alabama Guest Statute in all material respects, although its language was not identical to the language of the Alabama Guest Statute. The Ohio Guest Statute provided:
*200 "The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest,' resulting from the operation of said motor vehicle, while such guest is being transported without payment therefor in or upon said motor vehicle, unless such injuries or death are caused by the willful or wanton misconduct or such operator, owner, or person responsible for the operation of said motor vehicle.”